1  Bruce A. Lindsay, Esq., SBN 102794
   bal@jones-mayer.com
2  Monica Choi Arredondo, Esq., SBN 215847
   mca@jones-mayer.com
3  JONES MAYER
   3777 North Harbor Boulevard
4  Fullerton, CA 92835
   Telephone: (714) 446-1400
5  Facsimile: (714) 446-1448

6  Attorneys for Defendants,
   LA VERNE POLICE DEPARTMENT, LA VERNE
7  CHIEF OF POLICE COLLEEN FLORES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual; CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTE, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv-10169-SPG-ADS<br><br>*Honorable Sherilyn Peace Garnett*<br>*Magistrate Judge Autumn D. Spaeth*<br><br>**DECLARATION OF CHIEF COLLEEN FLORES IN SUPPORT OF DEFENDANTS CITY OF LA VERNE AND LA VERNE CHIEF OF POLICE COLLEEN FLORES' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: March 13, 2024<br>Hearing Time: 1:30 p.m.<br>Courtroom: 5C<br>Judge: Hon. Sherilyn Peace Garnett |



Declaration Of Chief Colleen Flores in Support of Defendants City of La Verne and La Verne Chief of Police Colleen Flores' Opposition to Plaintiffs' Motion for Preliminary Injunction

## DECLARATION OF CHIEF COLLEEN FLORES

I, Chief Colleen Flores, declare as follows,

1. I am an adult and I am employed by the City of La Verne as Chief of Police of the La Verne Police Department ("LVPD"). I make this declaration in support of Defendants City of La Verne ("City") and La Verne Chief of Police Colleen Flores' Opposition to Plaintiffs' Motion for Preliminary Injunction based on my own personal knowledge, except where I indicate that such knowledge is based on information and belief. If called upon to testify, I could and would truthfully testify to the following based on my personal knowledge.

2. I was hired into the LVPD as a Captain on January 8, 2018, after serving in the Arcadia Police Department for 23 years. I was promoted to the position of Chief of the LVPD on January 1, 2022. I continue to hold that position, though due to medical reasons and a lengthy medical leave of absence I am in the process of arranging my retirement from the LVPD.

3. My medical leave began February 5, 2023, but I have remained cognizant of the work of my staff in formulating the LVPD CCW permitting process in a manner that meets the State's requirements for concealed carry weapon ("CCW") permit issuance, and I have directed such work as has Captain Sam Gonzalez, who is serving as Acting Chief of the LVPD during my medical leave.

4. In 2022, it became apparent that the LVPD would need to adopt a CCW permitting process due to the decision by the Los Angeles County Sheriff to cease processing CCW permit applications from residents of the County that do not live in unincorporated parts of the County, i.e., persons who reside in incorporated cities, such as and including the City of La Verne.

5. I and my staff started the process of researching the requirements of the State for issuing CCW permits (or "licenses" as the State calls them) to comply with State and Federal law, including the State and Federal Constitutions. The State regulations are set forth in Penal Code sections 26150 *et seq.*

6.  Among the provisions that were brought to my attention was the City's right under the Penal Code to include a requirement in the CCW application requirements of the LVPD that all applicants undergo a psychological examination that includes administration of the Minnesota Multiphasic Personality Inventory ("MMPI"). The MMPI is a time-honored standardized psychometric test of adult personality and psychopathology.

7.  The purpose of the psychological examination and the MMPI is to aid in the satisfaction of the requirement of the California Penal Code that a permitting agency determine that the applicant is a law-abiding citizen entitled to a CCW permit. Conversely, the examination and the MMPI also assist the LVPD with determining if an applicant is disqualified to have a CCW permit because they are reasonably likely to be a danger to themselves, to others, or to the community at large, as set forth in Penal Code sections 26202(a) and (c).

8.  The facility chosen to administer the psychological examination for the CCW permitting process is the same psychological facility that the LVPD uses for examination of applicants for employment with the LVPD. As such, it has already been vetted and approved by the LVPD. The selection of the same provider was also motivated by an intent to keep the cost of the psychological exam as low as possible for the applicant and the City.

9.  The City has a vital interest in protecting the health and safety of its residents and community by determining that applicants are not disqualified from carrying a concealed weapon, as required by the State's Penal Code, and in preventing those who are reasonably likely to be a danger to themselves, to others, or to the community at large, from obtaining a CCW permit, thereby threatening the health and safety of the City's residents and community. As such, in furtherance of this vital interest, the City has underwritten half of the cost of the psychological examination and MMPI administration required as part of its CCW permitting process and has only required that the applicant pay $150 for the examination and report.

10. I understand that the City is keeping the cost to the applicant at $150, even though the City is allowed to now pass on a higher fee for the examination to applicants.

I declare under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, as executed this 16th day of February 2024, at La Verne, California.

_____
Chief Colleen Flores

Declaration of Chief Colleen Flores in Support of Defendants City of La Verne and La Verne Chief of Police Colleen Flores' Opposition to Plaintiffs' Motion for Preliminary Injunction