1  Bruce A. Lindsay, Esq., SBN 102794
   bal@jones-mayer.com
2  Monica Choi Arredondo, Esq., SBN 215847
   mca@jones-mayer.com
3  JONES MAYER
   3777 North Harbor Boulevard
4  Fullerton, CA 92835
   Telephone: (714) 446-1400
5  Facsimile: (714) 446-1448

6  Attorneys for Defendants,
   LA VERNE POLICE DEPARTMENT, LA VERNE
7  CHIEF OF POLICE COLLEEN FLORES

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 CALIFORNIA RIFLE & PISTOL              Case No. 2:23-cv-10169-SPG-ADS
   ASSOCIATION, INCORPORATED; THE
13 SECOND AMENDMENT                       *Honorable Sherilyn Peace Garnett*
   FOUNDATION; GUN OWNERS OF              *Magistrate Judge Autumn D. Spaeth*
14 AMERICA, INC.; GUN OWNERS
   FOUNDATION; GUN OWNERS OF              **DEFENDANTS LA VERNE**
15 CALIFORNIA INC.; ERICK                 **POLICE DEPARTMENT AND LA**
   VELASQUEZ, an individual; CHARLES      **VERNE CHIEF OF POLICE**
16 MESSEL, an individual; BRIAN           **COLLEEN FLORES' OBJECTIONS**
   WEIMER, an individual; CLARENCE        **TO EVIDENCE SUBMITTED IN**
17 RIGALI, an individual; KEITH REEVES,   **SUPPORT OF PLAINTIFFS'**
   an individual; CYNTHIA GABALDON,       **MOTION FOR PRELIMINARY**
18 an individual; and STEPHEN HOOVER,     **INJUNCTION**
   an individual,
19                                        *[Filed concurrently with: Opposition*
20          Plaintiffs,                   *Brief; Declaration of Acting Chief Sam*
                                          *Gonzalez; Declaration of Chief Colleen*
21     v.                                 *Flores; and Declaration of Lt. Chris*
                                          *Dransfeldt]*
22 LOS ANGELES COUNTY SHERIFF'S
   DEPARTMENT; SHERIFF ROBERT
23 LUNA in his official capacity; LA VERNE  Hearing
   POLICE DEPARTMENT; LA VERNE          Date:      March 13, 2024
24 CHIEF OF POLICE COLLEEN FLORES,      Time:      1:30 p.m.
   in her official capacity; ROBERT BONTE,  Courtroom: 5C
25 in his official capacity as Attorney General
   of the State of California; and DOES 1-10,
26
            Defendants.
27

28



---

DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES'
OBJECTIONS TO EVIDENCE SUBMITTED ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendants LA VERNE POLICE DEPARTMENT ("City") and LA VERNE CHIEF OF POLICE COLLEEN FLORES hereby object to the following declarations submitted in support of Plaintiffs' Motion for Preliminary Injunction, on the grounds set forth below:

- Declaration of Jim Carlson;
- Declaration of Plaintiff Cynthia Gabaldon;
- Declaration of Richard Minnich;
- Declaration of Plaintiff Keith Reeves; and
- Declaration of Plaintiff Clarence Rigali.

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| 1. **Declaration of Plaintiff Jim Carlson, ¶ 2:** "I am a law-abiding adult who is not prohibited from owning firearms under the laws of the United States of America or the state of California." | • Lack of foundation; calls for speculation; conclusory (Federal Rule of Evidence ("FRE") 602): The declarant fails to lay a foundation as to how he is not prohibited from owning firearms under the laws of the United States of America or the State of California. (See, e.g., firearm eligibility checklist published by the California Department of Justice's Bureau of Firearms at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/forms/prohibcatmisd.pdf, which lists requirements other than being a "law-abiding" adult, including residence in the City, not disqualified for the license, successful completion of required firearms training course, and recorded owner of the subject firearm). | ☐ Sustained<br>☐ Overruled |



| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| 2. **Declaration of Jim Carlson, ¶ 5:** "The facility is set up for interviewing and testing people applying for roles in law enforcement, not civilians exercising their right to carry." | • <u>Lacks personal knowledge; lack of foundation; calls for speculation; conclusory (FRE 602)</u>: The declarant fails to lay a foundation as to how he has personal knowledge that the facility is not "set up" for examinations of civilians applying for a concealed carry weapon ("CCW") permit. Moreover, the statement is contradicted by the very fact that Plaintiff was examined at the facility for the purpose of determining whether he is disqualified to obtain a CCW permit.<br><br>• <u>Improper opinion testimony; lack of foundation; conclusory (FRE 701, 702)</u>: The declarant is offering improper opinion testimony that the facility is not "set up" for civilians exercising their right to carry, without laying any foundation for his qualification to offer such an expert opinion on the issue.<br><br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues because its admission would assume the declarant has the requisite personal knowledge and expert qualifications to offer such an opinion. | ☐ Sustained<br><br>☐ Overruled |



| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| **3. Declaration of Jim Carlson, ¶ 6:** "Next, the exam is over 100 questions long, it is a multiple-choice type test that repeats similar questions with different wording, asking questions about the desire to be high, drunk, or out of control, and if you like drugs or have addiction type tendencies." | • <u>Lack of foundation for contents of a writing (FRE 1001-1008)</u>: the statement lacks the appropriate foundation for the document it attempts to summarize and describe, as no copy of the document is provided;<br>• <u>Hearsay (FRE 801, 802)</u>: The summary of the contents of the psychological examination constitutes inadmissible hearsay.<br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | ☐ Sustained<br>☐ Overruled |
| **4. Declaration of Jim Carlson, ¶ 7:** "The questions also ask if you want to hurt yourself or other people, and how often you feel that way. The exam never asks questions about whether you would | • <u>Lack of foundation for contents of a writing (FRE 1001-1008)</u>: the statement lacks the appropriate foundation for the document it attempts to summarize and describe, as no copy of the document is provided.<br>• <u>Hearsay (FRE 801, 802)</u>: The summary of the contents of the psychological examination constitutes inadmissible hearsay.<br>• <u>Improper opinion testimony; lack of foundation; conclusory (FRE 701, 702)</u>: The | ☐ Sustained<br>☐ Overruled |



DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES'
OBJECTIONS TO EVIDENCE SUBMITTED ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| feel safer if you had a side arm, or what you might do in a situation where you had to use it, or what help might be available if you have negative emotions from any self-defense situations." | declarant is offering improper opinion testimony about questions he believes should have been included in the examination, without laying any foundation for his qualification to offer such an expert opinion on the issue.<br>• <u>Not relevant (FRE 401)</u>: The claim that the examination omitted questions regarding whether the applicant felt subjectively safer with a side arm is irrelevant to the purpose of the psychological examination, which is to determine the applicant's psychological fitness to carry a concealed weapon.<br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| 5. **Declaration of Jim Carlson, ¶ 8**: "The interviewer asks general questions about how you are and your history." | • <u>Hearsay (FRE 801, 802)</u>: The summary of the contents of the interview portion of the psychological examination constitutes inadmissible hearsay.<br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | ☐ Sustained<br>☐ Overruled |



DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| 6. **Declaration of Jim Carlson, ¶ 10:** "In my opinion, this exam is not reasonable at all as a prerequisite for exercising a constitutional right. Even if some psychological exam could be acceptable, and I don't think the constitution allows for that, this exam is beyond the pale. Both in terms of how it is conducted, and the circumstances around it (the length of time it takes and only being available a long distance away, on weekdays, and for an extra $150 in expense)." | • <u>Improper opinion testimony; lack of foundation; conclusory; calls for an improper legal conclusion (FRE 701, 702)</u>: The declarant is offering improper opinion testimony about the purported unreasonableness and unconstitutionality of the content, distance and cost of the psychological examination without laying any foundation for his qualification to offer such an expert opinion on the issue. See, e.g., Fed. R. Civ. Proc. 45(c)(1) (allowing depositions to be noticed within 100 miles of a person's residence, employment or place of business); Cal. Civ. Proc. Code § 2025.250 (allowing depositions to be noticed within 75 miles of the deponent's residence). <br><br> • <u>Lacks personal knowledge; calls for speculation; conclusory (FRE 602)</u>: The declarant fails to lay a foundation as to how he has personal knowledge or a foundation for offering an opinion on the reasonableness or unreasonableness of the psychological examination (e.g., through a comparison of the content of the exam, the distance required to be traveled, and the cost of the examination *in comparison with* other jurisdictions within Southern California). | ☐ Sustained <br><br> ☐ Overruled |



| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| | • <u>Not relevant (FRE 401)</u>: The declarant's subjective opinion on whether the psychological examination is reasonable, without any expert qualification, personal knowledge or foundation, is of *no* consequence in determining the reasonableness of the psychological exam. See, e.g., Fed. R. Civ. Proc. 45(c)(1) (allowing depositions to be noticed within 100 miles of a person's residence, employment or place of business); Cal. Civ. Proc. Code § 2025.250 (allowing depositions to be noticed within 75 miles of the deponent's residence).<br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| **7. Declaration of Jim Carlson, ¶ 11**:<br>"While I forced myself through it in order to be able to exercise my right to carry, others should not have to do so. I | • <u>Improper opinion testimony; lack of foundation; conclusory; calls for an improper legal conclusion (FRE 701, 702)</u>: The declarant is offering improper opinion testimony about the purported unreasonableness and unconstitutionality of the content, distance and cost of the psychological examination without laying any foundation for his qualification to offer such an expert opinion on the issue. See, | ☐ Sustained<br>☐ Overruled |

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| hope this Court rules for the Plaintiffs. Aside from the abuses of the psychological examination, the expense was also completely unreasonable. Counting all expenses, I paid approximately $1,200 to get my CCW permit. This is supposed to be a constitutional right. While I could afford it, certainly many people are not so fortunate." | e.g., Fed. R. Civ. Proc. 45(c)(1) (allowing depositions to be noticed within 100 miles of a person's residence, employment or place of business); Cal. Civ. Proc. Code § 2025.250 (allowing depositions to be noticed within 75 miles of the deponent's residence). <br><br> • _Lacks personal knowledge; calls for speculation; conclusory (FRE 602)_: The declarant fails to lay a foundation as to how he has personal knowledge or a foundation for offering an opinion on the reasonableness or unreasonableness of the psychological examination (e.g., through a comparison of the content of the exam, the distance required to be traveled, and the cost of the examination _in comparison with_ other jurisdictions within Southern California). <br><br> • _Not relevant (FRE 401)_: The declarant's subjective opinion on whether the psychological examination is reasonable, without any expert qualification, personal knowledge or foundation, is of _no_ consequence in determining the reasonableness of the psychological exam. See, e.g., Fed. R. Civ. Proc. 45(c)(1) (allowing depositions to be noticed within 100 miles of a person's residence, employment or place of | |

DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES'
OBJECTIONS TO EVIDENCE SUBMITTED ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| | business); Cal. Civ. Proc. Code § 2025.250 (allowing depositions to be noticed within 75 miles of the deponent's residence). <br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| 8. **Declaration of Plaintiff Cynthia Gabaldon, ¶ 3**: "I am a law-abiding adult who is not prohibited from owning firearms under the laws of the United States of America or the state of California." | • <u>Lack of foundation; calls for speculation; conclusory (Federal Rule of Evidence ("FRE") 602)</u>: The declarant fails to lay a foundation as to how she is not prohibited from owning firearms under the laws of the United States of America or the State of California. (See, e.g., firearm eligibility checklist published by the California Department of Justice's Bureau of Firearms at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/forms/prohibcatmisd.pdf, which lists requirements other than being a "law-abiding" adult, including residence in the City, not disqualified for the license, successful completion of required firearms training course, and recorded owner of the subject firearm). | ☐ Sustained <br> ☐ Overruled |
| 9. **Declaration of Plaintiff Cynthia Gabaldon, ¶ 5**: | <u>Lack of foundation; improper opinion testimony; lacks personal knowledge; argumentative and conclusory (FRE 602, 701,</u> | ☐ Sustained <br> ☐ Overruled |



| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| "The exorbitant fees that La Verne charges have dissuaded me from applying." | 702): The statement fails to demonstrate personal knowledge of the basis for the application fees and states an unfounded and improper opinion regarding whether the application fees are "exorbitant" or not. | |
| 10. **Declaration of Plaintiff Cynthia Gabaldon, ¶ 6**: "On principle, I also do not want to subject myself to the psychological examination requirement, something that most issuing authorities in California (including LASD) do not require." | • Lacks personal knowledge; calls for speculation; conclusory (FRE 106, 602): The declarant fails to lay a foundation as to how she has personal knowledge or a foundation for her conclusion that "most" issuing authorities in California do not require a psychological examination, and cites only one jurisdiction that does not require it. <br> • Not relevant (FRE 401): The declarant's subjective opinion on whether the psychological examination requirement is a reasonable one is irrelevant, as California law explicitly allows issuing authorities to require that an applicant pass a psychological test before issuing a CCW permit. <br> • Probative value outweighed by prejudicial effect (FRE 403): The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | ☐ Sustained <br> ☐ Overruled |

JONES MAYER LAW

DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| 11. **Declaration of Plaintiff Cynthia Gabaldon, ¶ 7:** "I hope this Court will force La Verne to reduce its fees and drop its psychological examination. I am also willing to instead obtain an Arizona CCW permit, which is far more affordable, if this Court orders California to honor the permits of other states." | • <u>Not relevant (FRE 401):</u> The declarant's subjective hope that the Court will force the City to reduce its fees and drop its psychological examination is not relevant, as California law explicitly allows issuing authorities to (1) charge reasonable fees associated with processing CCW applications and (2) require that an applicant pass a psychological test before issuing a CCW permit. See Cal. Pen. Code §§ 26190(c), (e). Moreover, her willingness to obtain an Arizona CCW permit and the affordability of an Arizona CCW permit is completely irrelevant to the determination of the reasonableness of the City's CCW permitting process. Nowhere in the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) does it require that one sovereign state's CCW permit be recognized in all other states.<br>• <u>Probative value outweighed by prejudicial effect (FRE 403):</u> The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | ☐ Sustained<br>☐ Overruled |
| 12. **Declaration of Richard** | • <u>Hearsay; lack of foundation; conclusory (FRE 602, 801, 802):</u> The declarant inappropriately | ☐ Sustained<br>☐ Overruled |



| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| **Minnich, ¶ 10**: "In early 2023, CRPA receive many complaints from its members about the City of La Verne and its ridiculous CCW permit application fees. After we discovered the over $1,000 in expense applicants face, we directed our lawyers to contact the City to attempt to persuade it to reduce its fees . . . . We have heard from several of our members, including some plaintiffs in this lawsuit, that they cannot afford these fees and it has stopped them from exercising their rights." | refers to purported hearsay complaints received by unnamed agents of the California Rifle & Pistol Association ("CRPA") from unnamed CRPA members, purported hearsay communications between unnamed CRPA agents and unnamed CRPA attorneys, as well as communications between unnamed CRPA attorneys and unnamed individuals from the City. Moreover, the declarant inappropriately testifies on behalf of unnamed CRPA members who purportedly cannot afford the City's CCW permit processing fees. Such statements are inadmissible hearsay lacking in foundation and speculating as to unnamed persons' finances.<br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |



DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES'
OBJECTIONS TO EVIDENCE SUBMITTED ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| 13. **Declaration of Richard Minnich, ¶ 11**: "We have heard at least some members tell us La Verne plans to raise the psychological exam fee to around $400, further worsening an already expensive application process. We are working to confirm whether or not that is true." | • <u>Hearsay; lack of foundation; conclusory (FRE 602, 801, 802)</u>: The declarant inappropriately refers to purported hearsay communications between unnamed CRPA agents and unnamed CRPA members and fails to identify the source or basis for his conclusion that the City "plans to raise the psychological exam fee to around $400." The complete lack of foundation for this conclusory allegation is confirmed by the fact that the declarant that unnamed CRPA agent(s) is/are "working to confirm whether or not that is true." <br><br> • <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | ☐ Sustained <br> ☐ Overruled |
| 14. **Declaration of Richard Minnich, ¶ 12**: "Many CRPA members, including some Plaintiffs in this lawsuit, object on principle to subjecting themselves | • <u>Hearsay; lack of foundation; conclusory (FRE 602, 801, 802)</u>: The declarant inappropriately refers to purported hearsay communications from unnamed CRPA members who object to the principle of a psychological exam. <br><br> • <u>Lacks personal knowledge; calls for speculation; conclusory (FRE 106, 602)</u>: The declarant fails to lay a foundation as to how he has personal knowledge or a foundation for his | ☐ Sustained <br> ☐ Overruled |



| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| to a psychological exam in order to exercise a constitutional right. Most issuing authorities in California do not require a psychological exam, La Verne is one of the few jurisdictions that require one." | conclusion that "most" issuing authorities in California do not require a psychological examination, and fails to identify the basis for this conclusion (e.g., by reference to a listing of all jurisdictions that do and do not require a psychological examination). <br>• <u>Not relevant (FRE 401)</u>: Whether or not a majority of issuing authorities in California do or do not require a psychological examination is not relevant, as California law explicitly allows issuing authorities to require that an applicant pass a psychological test before issuing a CCW permit. <br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| 15. **Declaration of Richard Minnich, ¶ 13**: "CRPA considers psychological exams an unconstitutional 'suitability' determination of the | • <u>Improper opinion testimony; lack of foundation; calls for improper legal conclusion (FRE 701, 702)</u>: The declarant is offering improper opinion testimony that psychological exam requirements for CCW permitting, in general, constitute unconstitutional 'suitability' determinations. <br>• <u>Not relevant (FRE 401)</u>: CRPA and/or the | ☐ Sustained <br>☐ Overruled |



| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| kind that the Supreme Court has already rejected." | declarant's subjective opinion as to whether psychological exams constitute unconstitutional 'suitability' determinations is irrelevant.<br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| 16. **Declaration of Richard Minnich, ¶ 14**: "Finally, given how many CRPA members reside outside of California, a frequent complaint we receive from our members is regarding California's refusal to honor the CCW permits of other states, even other states like Arizona and Utah which like California, require a training course and | • <u>Hearsay; lack of foundation; calls for speculation; conclusory (FRE 106, 602, 801, 802)</u>: The declarant inappropriately refers to purported hearsay complaints from unnamed CRPA members to unnamed CRPA agents regarding the State of California's refusal to honor CCW permits from other states like Arizona and Utah. The declarant also inappropriately refers to the purported hearsay and subjective preferences of unnamed CRPA members. Such statements are inadmissible hearsay lacking in foundation and speculating as to unnamed persons' preferences.<br>• <u>Improper opinion testimony; lack of foundation; calls for an improper legal conclusion (FRE 701, 702)</u>: The declarant is offering improper opinion testimony that a CCW permit from one state should be | ☐ Sustained<br>☐ Overruled |

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| fingerprinting prior to a permit being issued. This is also a problem for CRPA members who live in California and have CCW permits from other states, as they would prefer to use those permits rather than pay exorbitant fees or deal with lengthy wait times. CRPA believes constitutional rights do not end at state lines, yet the right to carry currently does." | recognized in all other states in the union (i.e., in essence, that there should only be one national or federal CCW permitting process). <br> • Not relevant; lack of foundation (FRE 401): CRPA and/or the declarant's subjective opinion that there should only be one CCW permitting process across all states is irrelevant. Nowhere in the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) does it require that one sovereign state's CCW permit be recognized in all other states. Moreover, the complaint of unnamed out-of-state CRPA members regarding California's refusal to honor out-of-state CCW permits is not relevant without a foundation establishing such unnamed members' concrete and confirmed plans to either move to California or visit California. <br> • Probative value outweighed by prejudicial effect (FRE 403): The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| 17. **Declaration of Plaintiff Keith Reeves, ¶ 3:** | • Lack of foundation; calls for speculation; conclusory (FRE 602): The declarant fails to lay a foundation as to how he is not prohibited from | ☐ Sustained <br> ☐ Overruled |



| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| "I am a law-abiding adult who is not prohibited from owning firearms under the laws of the United States of America or the state of California." | owning firearms under the laws of the United States of America or the State of California. (See, e.g., firearm eligibility checklist published by the California Department of Justice's Bureau of Firearms at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/forms/prohibcatmisd.pdf, which lists requirements other than being a "law-abiding" adult, including residence in the City, not disqualified for the license, successful completion of required firearms training course, and recorded owner of the subject firearm). | |
| 18. **Declaration of Plaintiff Keith Reeves, ¶ 4**: "I possess both Arizona and Utah CCW permits, both of which required background checks and safety courses to obtain. These permits are, without any good reason, not honored by California. I am also an NRA-certified | • Incomplete evidence; calls for speculation; conclusory (FRE 106, 602): The declarant claims he has Arizona and Utah CCW permits and that he is an NRA-certified pistol instructor and range safety officer without attaching documentary evidence supporting such statements.<br>• Improper opinion testimony (FRE 701, 702): The declarant's statement that there is no good reason why out-of-state CCW permits should not be honored by California constitutes improper opinion testimony.<br>• Not relevant (FRE 401): The declarant's subjective opinion that out-of-state CCW | ☐ Sustained<br>☐ Overruled |

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| pistol instructor and range safety officer." | permits should be honored by California is irrelevant. Nowhere in the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) does it require that one sovereign state's CCW permit be recognized in all other states. <br><br> • <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| 19. **Declaration of Plaintiff Keith Reeves, ¶ 5**: "I applied for a CCW permit in January 2014 with La Verne Police Department, and was denied in May 2015 because he [sic] was deemed to lack sufficient good cause, a criterion the Supreme Court struck down in *Bruen* seven years later. I wish to | • <u>Hearsay; lack of foundation; calls for speculation; conclusory (FRE 106, 602, 801, 802)</u>: The declarant inappropriately refers to a purported hearsay denial of a CCW permit he purportedly submitted to the LVPD, without attaching the purported denial. Such statement constitutes inadmissible hearsay lacking in foundation. Moreover, the declarant offers no foundation or evidence for his claim that he is unable to afford the LVPD fees. <br><br> • <u>Misstates and assumes facts not in evidence (FRE 106, 901)</u>: The La Verne Police Department did not have CCW permit applications for City residents before 2022. At that time, such applications were referred to the | ☐ Sustained <br> ☐ Overruled |

JONES MAYER LAW

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| reapply for a permit but cannot afford to do so due to the excessive application and issuance fees charged by La Verne. Paired with the cost of training and livescan, I will have to spend around $1,000 or more to exercise this constitutional right." | Los Angeles Sheriff's Department for processing.  See Declaration of Acting Chief Sam Gonzalez, ¶ 2; Declaration of Chief Collen Flores, ¶ 4. | |
| 20.**Declaration of Plaintiff Keith Reeves, ¶ 6:** "On principle, I also do not want to subject myself to the psychological examination requirement, something that most issuing authorities in California (including LASD) do not | • Lacks personal knowledge; calls for speculation; conclusory (FRE 106, 602): The declarant fails to lay a foundation as to how he has personal knowledge or a foundation for his conclusion that "most" issuing authorities in California do not require a psychological examination, and cites only one jurisdiction that does not require it. <br> • Not relevant (FRE 401): The declarant's subjective opinion on whether the psychological examination requirement is reasonable is irrelevant, as California law explicitly allows issuing authorities to require that an applicant | ☐ Sustained <br> ☐ Overruled |

DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES'
OBJECTIONS TO EVIDENCE SUBMITTED ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

JONES MAYER
LAW

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| require." | pass a psychological test before issuing a CCW permit.<br><br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| 21. **Declaration of Plaintiff Keith Reeves, ¶ 7:**<br>"I hope this Court will force La Verne to reduce its fees and drop its psychological examination, or in the alternative, force California to honor my Arizona and Utah CCW permits." | • <u>Not relevant (FRE 401)</u>: The declarant's subjective hope that the Court will force the City to reduce its fees and drop its psychological examination is not relevant, as California law explicitly allows issuing authorities to (1) charge reasonable fees associated with processing CCW applications and (2) require that an applicant pass a psychological test before issuing a CCW permit. See Cal. Pen. Code §§ 26190(c), (e). Moreover, nowhere in the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) does it require that one sovereign state's CCW permit be recognized in all other states.<br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | ☐ Sustained<br>☐ Overruled |

JM JONES MAYER LAW

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| 22. **Declaration of Plaintiff Clarence Rigali, ¶ 3**: "I am a law-abiding adult who is not prohibited from owning firearms under the laws of the United States of America or the state of California." | • Lack of foundation; calls for speculation; conclusory (Federal Rule of Evidence ("FRE") 602): The declarant fails to lay a foundation as to how he is not prohibited from owning firearms under the laws of the United States of America or the State of California. (See, e.g., firearm eligibility checklist published by the California Department of Justice's Bureau of Firearms at https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/forms/prohibcatmisd.pdf, which lists requirements other than being a "law-abiding" adult, including residence in the City, not disqualified for the license, successful completion of required firearms training course, and recorded owner of the subject firearm). | ☐ Sustained ☐ Overruled |
| 23. **Declaration of Plaintiff Clarence Rigali, ¶ 5**: "I possess a Utah CCW permit, which required a background check and a safety course to obtain." | • Incomplete evidence; calls for speculation; conclusory (FRE 106, 602): The declarant claims he has a Utah CCW permit without attaching documentary evidence supporting such statement.<br>• Improper opinion testimony (FRE 701, 702): The declarant's statement that there is no good reason why out-of-state CCW permits should not be honored by California constitutes improper opinion testimony.<br>• Not relevant (FRE 401): The declarant's | ☐ Sustained ☐ Overruled |

JONES MAYER
LAW

DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES'
OBJECTIONS TO EVIDENCE SUBMITTED ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| | subjective opinion that out-of-state CCW permits should be honored by California is irrelevant. Nowhere in the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) does it require that one sovereign state's CCW permit be recognized in all other states. <br><br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| 24. **Declaration of Plaintiff Clarence Rigali, ¶ 7:** "I also object to the psychological exam La Verne requires, which is an unconstitutional suitability determination. Part of the reason for my objection is my terrible prior experience with | • <u>Improper opinion testimony; lack of foundation; conclusory; calls for an improper legal conclusion (FRE 701, 702)</u>: The declarant is offering improper opinion testimony about the purported unreasonableness and unconstitutionality of the psychological examination without laying any foundation for his qualification to offer such an expert opinion on the issue. <br><br>• <u>Not relevant (FRE 401)</u>: The declarant's subjective opinion on whether the psychological examination is reasonable and/or constitutional, without any expert qualification, personal knowledge or foundation, is of *no consequence* | ☐ Sustained <br> ☐ Overruled |

JONES MAYER LAW

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| psychologists." | in determining the reasonableness and/or constitutionality of the psychological exam.<br><br>• Probative value outweighed by prejudicial effect (FRE 403): The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| 25. **Declaration of Plaintiff Clarence Rigali, ¶ 9**: "That horrible experience has made me especially apprehensive about subjecting myself to another such exam, let alone as a precondition to exercising an enumerated constitutional right." | • Improper opinion testimony; lack of foundation; conclusory; calls for an improper legal conclusion (FRE 701, 702): The declarant is offering improper opinion testimony about the purported unreasonableness and unconstitutionality of the psychological examination without laying any foundation for his qualification to offer such an expert opinion on the issue.<br><br>• Not relevant (FRE 401): The declarant's subjective opinion on whether the psychological examination is reasonable and/or constitutional, without any expert qualification, personal knowledge or foundation, is of *no* consequence in determining the reasonableness and/or constitutionality of the psychological exam.<br><br>• Probative value outweighed by prejudicial effect (FRE 403): The probative value of the proffered evidence is substantially outweighed | ☐ Sustained<br>☐ Overruled |

- 23 -

JM JONES MAYER LAW

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| | by a danger of unfair prejudice and confusing the issues. | |
| 26. **Declaration of Plaintiff Clarence Rigali, ¶ 10**: Further, La Verne requires that applicants undergo psychological exams not locally, but in San Bernardino, 35 miles away. Such a travel requirement to be issued a permit to exercise a right represents an infringement of the right to bear arms that would be permitted in no other constitutional context, particularly given my disability. | • Improper opinion testimony; lack of foundation; conclusory; calls for an improper legal conclusion (FRE 701, 702): The declarant is offering improper opinion testimony about the purported unconstitutionality of requiring a psychological examination 35 miles away from his home without laying any foundation for his qualification to offer such an expert opinion on the issue. <br><br> • Not relevant (FRE 401): The declarant's subjective opinion on whether the psychological examination is reasonable and/or constitutional, without any expert qualification, personal knowledge or foundation, is of *no* consequence in determining the reasonableness and/or constitutionality of the psychological exam. See, e.g., Fed. R. Civ. Proc. 45(c)(1) (allowing depositions to be noticed within 100 miles of a person's residence, employment or place of business); Cal. Civ. Proc. Code § 2025.250 (allowing depositions to be noticed within 75 miles of the deponent's residence). <br><br> • Probative value outweighed by prejudicial effect (FRE 403): The probative value of the | ☐ Sustained <br> ☐ Overruled |

JONES MAYER LAW

| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| | proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | |
| 27.**Declaration of Plaintiff Clarence Rigali, ¶ 11**: "To make matters worse, I understand that due to a recent change in California law "uncapping" the prior $150 maximum that may be charged for the psychological exam, La Verne is rumored to be raising the price of the exam by an additional $250, putting the total expense of obtaining a permit at around $1,200 or more, depending on the cost of the training course." | • <u>Hearsay; lack of foundation; calls for speculation; conclusory (FRE 602, 801, 802)</u>: The declarant inappropriately refers to purported hearsay rumors from unnamed persons/sources that the City will be raising the price of its psychological examination by $250. The complete lack of foundation for this conclusory allegation is confirmed by the fact that the declarant himself acknowledges it as a "rumor." <br><br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | ☐ Sustained ☐ Overruled |

DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION



| Material objected to: | Objections: | Ruling on Objection |
|---|---|---|
| 28. **Declaration of Plaintiff Clarence Rigali, ¶ 12**: "I pray this Court will help me and others in similar situations. La Verne should either be ordered to lower its fees dramatically, or alternatively, this Court should force California to honor my Utah CCW permit." | • <u>Not relevant (FRE 401)</u>: The declarant's subjective hope that the Court will force the City to reduce its fees and that the Court will force California to honor his Utah CCW permit is not relevant. California law explicitly allows issuing authorities to charge reasonable fees associated with processing CCW applications. See Cal. Pen. Code §§ 26190(c). Moreover, nowhere in the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) does it require that one sovereign state's CCW permit be recognized in all other states.<br><br>• <u>Probative value outweighed by prejudicial effect (FRE 403)</u>: The probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues. | ☐ Sustained<br>☐ Overruled |

Dated: February 21, 2024          JONES MAYER

By: */s/Bruce A. Lindsay*
Bruce A. Lindsay
Monica Choi Arredondo
Attorneys for Defendants,
LA VERNE POLICE DEPARTMENT, LA VERNE CHIEF OF POLICE COLLEEN FLORES



DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES' OBJECTIONS TO EVIDENCE SUBMITTED ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION