C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual, CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTA, in his official capacity as Attorney General of the State of California and DOES 1-10, <br><br>Defendants. | CASE NO: 8:23-cv-10169-SPG (ADSx) <br><br>**EVIDENTIARY OBJECTIONS TO DEFENDANT LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S AND SHERIFF ROBERT LUNA'S SURVEY OF HISTORICAL LICENSE REQUIREMENTS AND MOTION TO STRIKE OR DENY JUDICIAL NOTICE OF SAME** <br><br>Hearing Date: March 13, 2024 <br>Hearing Time: 1:30 p.m. <br>Courtroom: 5C <br>Judge: Hon. Sherilyn Peace Garnett |

1
EVID. OBJ. TO AND MOT. TO STRIKE DEFS. LASD'S AND LUNA'S SURVEY

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

Under Federal Rules of Evidence 201, 401, 402, 403, 601, 602, 702, and 704, Plaintiffs California Rifle & Pistol Association, Incorporated, The Second Amendment Foundation, Gun Owners of America, Inc., Gun Owners Foundation, Gun Owners of California, Inc., Erick Velasquez, Charles Messel, Brian Weimer, Clarence Rigali, Keith Reeves, Cynthia Gabaldon, and Stephen Hoover, hereby jointly object to and move to strike:

  (1) Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna's Request for Judicial Notice in Support of Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 27-8); and

  (2) Defendants LASD and Sheriff Luna's Survey of Historical License Requirements (ECF No. 27-9),

Such objections and motion are made on the following grounds: The survey sought to be judicially noticed is of unknown provenance and authorship and does not contain facts that are readily known or that are not subject to dispute. To the contrary, the survey document sought to be judicially noticed appears to have been authored recently by Defendants' counsel or consultant, and contains purported summaries of historical laws where such summaries are slanted, lack context or omit key provisions, or are otherwise described in a manner favorable to Defendants' arguments and which description is subject to significant dispute by Plaintiffs. Defendants' survey document, which amounts to little more than an appendix of additional argument as to Defendants' interpretation of the laws identified, is not the proper subject of judicial notice.

Defendants purport that either the survey itself or its contents are judicially noticeable because either the survey itself or the facts contained therein are "not subject to reasonable dispute" due to either being "generally known within the territorial jurisdiction of the trial court," or "capable of accurate and ready

1  determination by resort to sources whose accuracy cannot reasonably be
2  questioned." *See* Defs.' Req. for Judicial Notice in Supp. Of Opp. to Pla.' Mot. for
3  Prelim. Inj. ("DRJN") at 3:8-15.  Defendants' also apparently claim that the survey
4  document[1] is a public record that is "authentic and trustworthy" as enacted
5  legislation.  *See id.* at 3:14-17.  Defendants' survey document (ECF No. 27-9) is
6  patently not a public record.  It most certainly was authored by Defendants, their
7  counsel, or their consultant (i.e., "Defendants LASD and Sheriff Luna's Survey. . .
8  .") *See* Defs.' LASD and Sheriff Luna's Survey of Historical License Regulation,
9  *passim*.  Therefore, it cannot be the subject of judicial notice under FRE as a public
10 record. (*See* DRJN at 3:14-17 (quoting *Gilbrook v. City of Westminster*, 177 F.3d
11 839, 858 (9th Cir. 1999)). Moreover, the survey is not properly admitted as a fact or
12 facts readily known or not in dispute because the survey does not purport to quote
13 verbatim legislative enactments.  Had Defendants' survey quoted fully and
14 accurately the laws identified, Defendants would have a colorable argument that
15 such a survey does set forth facts subject to judicial notice, and thus the Court
16 might admit and consider reliable such a survey.

17 Instead, Defendants' summary of these laws is a self-serving interpretation
18 of historical laws; these summaries omit key phrasing and context, or outright
19 misrepresent the substance of the identified laws.  *See United States v. Decker*,
20 1979, 600 F.2d 733, 738 n.9 (9th Cir. 1979) (*cert. denied* 444 U.S. 855) (denying
21 judicial notice of opinions of officer of regulatory body as to the correct legal
22 interpretation of that body's regulation because such interpretation was in dispute).

---

[1] As part of their request for judicial notice, Defendants also seek to judicially notice the contents of reprintings of historical laws, which were submitted as ECF No. 27-10.  Reprintings or copies of the laws themselves are properly the subject of judicial notice under FRE 201.  Plaintiffs' objection is only to the attempt to introduce additional argument via judicial notice of a survey document that is neither a public record nor otherwise judicially noticeable.

1   As but one example, on page 10 of their survey, Defendants characterize an 1876
2   Sacramento law as:
3   
>   Allowing police to issue a license to carry a concealed weapon to a
4   "peaceable person, whose profession or occupation may require him to be out at late hours of the night, to carry concealed deadly weapons for
5   his protection."

6   Defendants' summary in their survey omits the full text of the law, which
7   exempts from its ambit any "traveler." *See* ECF No. 27-10 at pp. 146-47 (reprinting
8   of full text of Sacramento law). Travelers through the city could carry concealed
9   without any permit, but nothing within Defendants' summary in their survey
10  suggests or implies this broad exception.
11  By summarizing this particular law in their survey to disregard the traveler's
12  exception, Defendants improperly expand the ambit of the law to support the
13  argument that there is a robust historical tradition of regulating carry for self-
14  defense by banning all concealed carry in this particular jurisdiction except by
15  permit. Defendants' survey summary attempts to lead this Court to believe that the
16  police power of permitting was so expansive that no person was lawfully walking
17  the streets of Sacramento in 1876 with a concealed firearm unless they carried a
18  permit. The actual text of the law evidences it is not nearly as sweeping as
19  Defendant's survey alleges it was. This is merely one example of where
20  Defendants do not accurately or fully describe a law in its survey. *See* Rebuttal
21  Decl. of Clayton Cramer in Supp. of Pls.' Mot. for Prelim. Inj., *passim*, and Ex. 4.
22  (describing the inaccuracies in Defendants' characterizations of historical laws).
23  By asking the Court to judicially notice a biased, incomplete, and inaccurate
24  document, Defendants are improperly asking this Court to treat their disputed
25  interpretation of these laws as settled fact, and to bypass the Court's own required
26  analysis of these laws. While Defendants can properly advocate that their
27  interpretation of a particular law is the correct one, they cannot improperly claim
28

that such interpretation is a settled and undisputed fact subject to judicial notice. Judicial notice of Defendants' survey is not supported under FRE 201, and it should be denied and the survey (ECF No. 27-9) disregarded.

Without any indicia of reliability, authorship, or the method by which it was compiled, there is insufficient foundation for entry of the survey into evidence. *See* Fed R. Evid. 401 (evidence is relevant if tends to make a fact of consequence more or less probable), 601 & 602 (the competency and personal knowledge of the author of the survey's opinions must be established). No attempt is made to explain the evidentiary relevance of what amounts to the opinion of Defendants, their counsel, and/or their consultant as to the interpretation of historical laws. *See id*. R. 401 & 402; and *see id.* R. 701 (proper foundation for lay opinion must be established), 702 (expert opinion properly admitted if a foundation is laid for such opinion and it is helpful to trier of fact), and 704 (opinion as to ultimate issue admissible if helpful to trier of fact). They further provide no explanation as to why such a misleading summary is not impermissible argument in the guise of fact, the consideration of which bypasses the word limits on briefing and wastes the Court's and the parties' time. *See id.* R. 403; and Cal. C.D. L. R. 11-7 (appendices shall not include matters which properly belong in the brief).

Defendants' survey is properly advanced as argument or admissible opinion, not as judicially noticeable fact evidence. Because there is no evidentiary basis for admitting the survey, Plaintiffs' objection to its admission on any grounds should be sustained.

Respectfully submitted,

Dated:  February 28, 2024  **MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
Counsel for Plaintiffs

Dated: February 28, 2024  **LAW OFFICES OF DON KILMER**

*/s/ Don Kilmer*
Don Kilmer
Counsel for Plaintiff The Second Amendment Foundation

EVID. OBJ. TO AND MOT. TO STRIKE DEFS. LASD'S AND LUNA'S SURVEY

# **CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *California Rifle and Pistol Association, et al., v. Los Angeles County Sheriff's Dept., et al.*

Case No.:    8:23-cv-10169-SPG (ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**EVIDENTIARY OBJECTIONS TO DEFENDANT LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S AND SHERIFF ROBERT LUNA'S SURVEY OF HISTORICAL LICENSE REQUIREMENTS AND MOTION TO STRIKE OR DENY JUDICIAL NOTICE OF SAME**

on the following parties, as follows:

| | |
|---|---|
| Mark R Beckington<br>Jane E. Reilley<br>Christina R.B. Lopez, Deputy Attorney General<br>California Department of Justice<br>Office of the Attorney General<br>300 South Spring Street, Suite 1702<br>Los Angeles, CA 90013-1230<br>jane.reilley@doj.ca.gov<br>Christina.Lopez@doj.ca.gov<br><br>*Attorney for Defendant Robert Bonta* | Bruce A. Lindsay<br>Monica Choi Arredondo<br>JONES MAYER<br>3777 N. Harbor Blvd.<br>Fullerton, CA  92835<br>bal@jones-mayer.com<br>mca@jones-mayer.com<br><br>*Attorneys for Defendants La Verne Police Department and La Verne Chief of Police Colleen Flores* |
| Henry Michael Nikogosyan<br>Ryan M. Chabot<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306<br>mark.selwyn@wilmerhale.com<br>ryan.chabot@wilmerhale.com<br><br>*Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna* | |

by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 28, 2024

_/s/ Christina Castron_
Christina Castron

CERTIFICATE OF SERVICE