1   C. D. Michel – SBN 144258
    cmichel@michellawyers.com
2   Joshua Robert Dale – SBN 209942
    jdale@michellawyers.com
3   Konstadinos T. Moros – SBN 306610
    kmoros@michellawyers.com
4   Alexander A. Frank – SBN 311718
    afrank@michellawyers.com
5   MICHEL & ASSOCIATES, P.C.
    180 E. Ocean Blvd., Suite 200
6   Long Beach, CA 90802
    Telephone: (562) 216-4444
7
8   Donald Kilmer-SBN 179986
    Law Offices of Donald Kilmer, APC
9   14085 Silver Ridge Road
    Caldwell, Idaho 83607
10  Telephone: (408) 264-8489
    Email: Don@DKLawOffice.com
11  Attorneys for Plaintiffs

12          **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14  CALIFORNIA RIFLE & PISTOL                CASE NO: 8:23-cv-10169-SPG
    ASSOCIATION, INCORPORATED; THE           (ADSx)
15  SECOND AMENDMENT FOUNDATION;
    GUN OWNERS OF AMERICA, INC.;             **EVIDENTIARY OBJECTION**
16  GUN OWNERS FOUNDATION; GUN               **AND MOTION TO STRIKE**
    OWNERS OF CALIFORNIA, INC.;              **DECLARATION OF**
17  ERICK VELASQUEZ, an individual;          **PROFESSOR BRENNAN RIVAS**
    CHARLES MESSEL, an individual;           **IN SUPPORT OF**
18  BRIAN WEIMER, an individual;             **DEFENDANT ROBERT**
    CLARENCE RIGALI, an individual;          **BONTA'S OPPOSITION TO**
19  KEITH REEVES, an individual, CYNTHIA     **PLAINTIFFS' MOTION FOR**
    GABALDON, an individual; and             **PRELIMINARY INJUNCTION**
20  STEPHEN HOOVER, an individual,
                                             Hearing Date: March 13, 2024
21              Plaintiffs,                  Hearing Time: 1:30 p.m.
                                             Courtroom:  5C
22          v.                               Judge: Hon. Sherilyn Peace Garnett

23  LOS ANGELES COUNTY SHERIFF'S
    DEPARTMENT; SHERIFF ROBERT
24  LUNA, in his official capacity; LA VERNE
    POLICE DEPARTMENT; LA VERNE
25  CHIEF OF POLICE COLLEEN FLORES,
    in her official capacity; ROBERT BONTA,
26  in his official capacity as Attorney General
    of the State of California and DOES 1-10,
27
                Defendants.
28

                                1

    EVID. OBJ. TO AND MOT. STRIKE RIVAS DECLARATION

**TO THE HONORABLE COURT:**

Plaintiffs California Rifle & Pistol Association, Incorporated, The Second Amendment Foundation, Gun Owners of America, Inc., Gun Owners Foundation, Gun Owners of California, Inc., Erick Velasquez, Charles Messel, Brian Weimer, Clarence Rigali, Keith Reeves, Cynthia Gabaldon, and Stephen Hoover hereby jointly object, pursuant to Federal Rules of Evidence 401, 402, 602, 702, and 703, to the Declaration of Professor Brennan Rivas, lodged by Defendant Robert Bonta, in support of his opposition to Plaintiffs' Motion for Preliminary Injunction. These objections are raised on the following grounds and as to the following matters contained within the declaration:

1.      Objection to ¶ 16:

Foundation (Fed. R. Evid. 602, 702 & 703): The declarant states a broad proposition about the status of carry related jurisprudence without providing their source material as proper foundation. The characterization made is not supported by those source materials once such materials are reviewed.

Relevancy (Fed. R. Evid. 401 & 402): The point offered is irrelevant in light of the holding in *New York State Rifle & Pistol Association v. Bruen*.

2.      Objection to ¶ 36:

Foundation (Fed. R. Evid. 602, 702 & 703): The declarant states that a number of early 19th-century enactments were roughly the same but does not provide the source material as proper foundation.

3.      Objection to ¶¶ 38 & 39:

Foundation (Fed. R. Evid. 602, 702 & 703): The declarant references historical statutes from Tennessee, Louisiana, and Kentucky but not does provide their source material.  The characterization made is not supported by those source materials once such materials are reviewed.

EVID. OBJ. TO AND MOT. STRIKE RIVAS DECLARATION

4.      Objection to ¶ 40:

       Foundation (Fed. R. Evid. 602, 702 & 703): Declarant references enactments again without providing their source material. The characterization made is not supported by those source materials once such materials are reviewed.

5.      Objection to ¶ 42:

       Foundation (Fed. R. Evid. 602, 702 & 703): Declarant references and characterizes purported taxation statutes without providing their source material. The characterization made is not supported by those source materials once such materials are reviewed.

       Relevancy (Fed. R. Evid. 401 & 402): Declarant references these statues to bolster a proposition: that taxation is a historical method of suppressing disfavored activity, such as carry. But that is irrelevant because constitutional rights are not treated that way.

6.      Objection to ¶¶ 43 and 45:

       Foundation (Fed. R. Evid. 602, 702 & 703): Declarant summarizes the purported legislative aim of some historical firearm taxes without providing the source material. The characterization made is not supported by those source materials once such materials are reviewed.

7.      Objection to ¶ 46:

       Relevancy (Fed. R. Evid. 401 & 402): Declarant references some historical enactments which prohibited carry in certain locations. So called "sensitive places" is not at issue in this litigation.

8.      Objection to ¶¶ 49 & 50:

       Foundation (Fed. R. Evid. 602, 702 & 703): Declarant summarizes a purported local ordinance without providing the source material, i.e., a Sacramento ordinance. The characterization made is not supported by those source materials once such materials are reviewed, i.e., the statute had a broad exception to its carry permit requirement for non-residents.

EVID. OBJ. TO AND MOT. STRIKE RIVAS DECLARATION

Relevancy (Fed. R. Evid. 401 & 402): Declarant references a Sacramento enactment from 1876 and others from New York to exemplify what the declarant describes as a discretionary permitting standard. But local enactments are not relevant under *Bruen*, and *Bruen* expressly says such open-ended discretion is not congruent with *Bruen*.

9.     Objection to ¶ 51:

Relevancy (Fed. R. Evid. 401 & 402): Declarant cites to other jurisdiction such as Lincoln, Nebraska for the proposition that "wide discretion" for issuing officials was common. This is plainly irrelevant under *Bruen*, which disapproved wide discretion by local permitting authorities as unconstitutional.

10.     Objection to ¶¶ 53 & 54:

Foundation (Fed. R. Evid. 602, 702 & 703): Declarant references and summarizes some historical local enactments without providing the original sources. The characterization made is not supported by those source materials once such materials are reviewed.

11.     Objection to ¶¶ 56 & 57:

Foundation (Fed. R. Evid. 602, 702 & 703): There is no foundation for these broad principles regarding how 19th-century communities approached the question of who is "dangerous." No source materials are provided or referenced for the Court to understand the declarant's source for this claim.

12.     Objection to ¶¶ 60 & 61:

Foundation (Fed. R. Evid. 602, 702 & 703): The declarant is offering opinions on the cultural norms of reputation in the 19th century without laying any proper foundation for offering an authoritative opinion on the subject. The characterization made is not supported by those source materials once such materials are reviewed.

EVID. OBJ. TO AND MOT. STRIKE RIVAS DECLARATION

13.    Objection to ¶ 63:

Relevancy (Fed. R. Evid. 401 & 402): The proposition offered here – that minimizing the presence of weapons themselves – was the animating and motivating factor behind local 19th century carry restrictions has no relevance under *Bruen*.

Respectfully submitted,

Dated: February 28, 2024          **MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
Counsel for Plaintiffs


Dated: February 28, 2024          **LAW OFFICES OF DON KILMER**

*/s/ Don Kilmer*
Don Kilmer
Counsel for Plaintiff The Second Amendment
Foundation

EVID. OBJ. TO AND MOT. STRIKE RIVAS DECLARATION

## **CERTIFICATE OF SERVICE**
### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

Case Name: *California Rifle and Pistol Association, et al., v. Los Angeles County Sheriff's Dept., et al.*

Case No.:   8:23-cv-10169-SPG (ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**EVIDENTIARY OBJECTION AND MOTION TO STRIKE DECLARATION OF PROFESSOR BRENNAN RIVAS IN SUPPORT OF DEFENDANT ROBERT BONTA'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following parties, as follows:

Mark R Beckington
Jane E. Reilley
Christina R.B. Lopez, Deputy Attorney General
California Department of Justice
Office of the Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
jane.reilley@doj.ca.gov
Christina.Lopez@doj.ca.gov

***Attorney for Defendant Robert Bonta***

Henry Michael Nikogosyan
Ryan M. Chabot
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
mark.selwyn@wilmerhale.com
ryan.chabot@wilmerhale.com

***Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna***

Bruce A. Lindsay
Monica Choi Arredondo
JONES MAYER
3777 N. Harbor Blvd.
Fullerton, CA  92835
bal@jones-mayer.com
mca@jones-mayer.com

***Attorneys for Defendants La Verne Police Department and La Verne Chief of Police Colleen Flores***

by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed February 28, 2024

3    Christina Castron