1  ROB BONTA
   Attorney General of California
2  MARK R BECKINGTON
   Supervising Deputy Attorney General
3  JANE E. REILLEY
   Deputy Attorney General
4  State Bar No. 314766
   CHRISTINA R.B. LÓPEZ
5  Deputy Attorney General
   State Bar No. 312610
6   300 South Spring Street, Suite 1702
    Los Angeles, CA  90013-1230
7   Telephone:  (213) 269-6106
    Fax:  (916) 324-8835
8   E-mail:  Christina.Lopez@doj.ca.gov
   *Attorneys for Defendant Rob Bonta*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual; CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10, <br><br> Defendants. | 2:23-cv-10169 <br><br> **DEFENDANT ROB BONTA'S COMBINED RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS AND MOTIONS TO STRIKE EXPERT DECLARATIONS** <br><br> **[ECF Nos. 32-12, 32-13, 32-14]** <br><br> Date:       April 10, 2024 <br> Time:       1:30 p.m. <br> Courtroom:  5C <br> Judge:      The Honorable Sherilyn Peace Garnett |

1

## INTRODUCTION

Plaintiffs object to and move to strike portions of expert declarations filed in conjunction with Defendant Rob Bonta's opposition to Plaintiffs' motion for preliminary injunction. Plaintiffs' motions should be denied in their entirety because the declarations provide proper expert testimony to aid the Court in deciding the motion.

Professors Brennan Rivas, Robert Spitzer, and Michael Vorenberg are historians who have long studied not only firearm regulation, but the historical context that surrounds it. Their expertise is plainly relevant to the text-and-history approach articulated in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and their experience provides solid foundation for the opinions expressed in the declarations. In any event, Plaintiffs' objections are improper. In essence, Plaintiffs ask the Court to "gatekeep" itself[1] based on arguments that go to the merits of the case—all the while acknowledging that "the rules of evidence do not apply strictly to preliminary injunction proceedings." ECF No. 32 (Reply) at 20 n.9 (quoting *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013)).

The objections should be overruled and the motions to strike denied.

## ARGUMENT

*Relevance.* Plaintiffs' primary objection appears to be that certain testimony is not relevant to this case under *Bruen*.[2] *Bruen* announced a new standard for adjudicating Second Amendment claims "centered on constitutional text and history." 597 U.S. at 22. The "history" portion focuses on whether the challenged regulation "is consistent with the Nation's historical tradition of firearm

---

[1] *See United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) ("When the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for [it]self." (quotation marks omitted)).

[2] *See* ECF No. 32-12 (Rivas Obj.), Obj. Nos. 1, 5, 7–9, 13; ECF No. 32-13 (Spitzer Obj.), Obj. Nos. 2–8; ECF No. 32-14 (Vorenberg Obj.), Obj. Nos. 1, 4, 8.

regulation." *Id.* at 24. *Bruen* set forth some "principles" that might inform the historical analysis, *id.* at 34–38, but "d[id] not [] provide an exhaustive survey of the features that render regulations relevantly similar under the Second Amendment," *id.* at 29. As explained in Defendant's opposition to the motion for preliminary injunction, the historical tradition of firearm regulation set forth in the expert declarations is relevantly similar to and supports the challenged laws here. ECF No. 25 at Parts I.B.2, I.C.3; *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) ("Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry." (quotation marks omitted)).

Plaintiffs' narrow view of the history that is relevant to *Bruen*'s text-and-history approach is wrong. But more importantly, Plaintiffs conflate "a dispute about expert testimony [with] a dispute about the applicable law." *Rupp v. Bonta*, No. 8:17-cv-00746-JLS-JDE, 2023 WL 3693529, at *3 (C.D. Cal. Apr. 26, 2023). The Court will inevitably determine how much weight to give the history presented by Defendant's experts when it decides the preliminary injunction motion; there is no need to do so on a preemptive motion to strike. *Id.* ("The Court . . . will interpret and apply *Bruen* when it disposes of the parties' [] motions for summary judgment. In that context, the Court will be able to determine whether the [] experts' challenged testimony is relevant and helpful and how much weight, if any, to give that testimony.").

*Foundation*. Plaintiffs also object that certain parts of the expert declarations lack foundation because they do not cite or provide source material.[3] The objection is improper for at least three reasons.

First, each of the declarants amply explains the basis for their expertise. Although the experts often cite to other scholars' work, their expertise alone

---

[3] *See* Rivas Obj., Obj. Nos. 1–6, 8, 10–12; Spitzer Obj., Obj. Nos. 1–2; Vorenberg Obj., Obj. Nos. 2–3, 5–8.

provides sufficient foundation for their opinions. Each expert's complete curriculum vitae was provided with their declaration.[4] Professor Rivas wrote a Ph.D. dissertation on the development, evolution, and enforcement of gun and weapon policy in Texas from the era of Mexican independence to the 1930s, and she has since authored multiple publications and peer-reviewed articles on historical weapon regulations in the United States.[5] Professor Spitzer has been studying and writing about gun policy for nearly forty years; he has published six books on the subject.[6] And Professor Vorenberg is a history professor who has concentrated his research on the history of the Civil War and Reconstruction.[7] Each has clearly set forth the bases for the opinions in their declarations.

Second, Plaintiffs are simply wrong in asserting that the expert declarations do not cite to or provide source material. The declarations are rife with explanations of the sources used, legal citations to analogous regulations, and scholarly citations to the works of the expert and others.

Third, a number of the objections appear to refer to paragraphs where the experts summarize their conclusions.[8] Plaintiffs misunderstand the purpose of these paragraphs. To the extent such paragraphs do not cite other sources, that is because they distill the numerous concepts and sources cited throughout the declarations into an introductory or conclusory paragraph.

To the extent Plaintiffs contest the conclusions the experts draw from their experience and the cited sources, they may explore as much during discovery on the

---

[4] ECF No. 25-1 (Spitzer Decl.) Ex. A; ECF No. 25-2 (Vorenberg Decl.) Ex. A; ECF No. 25-3 (Rivas Decl.) Ex. 1.
[5] Rivas Decl. ¶¶ 3–4.
[6] Spitzer Decl. ¶ 2.
[7] Vorenberg Decl. ¶¶ 2–3. This surely qualifies Professor Vorenberg to opine that "the era [of the Fourteenth Amendment] is crucial for any consideration of the history and tradition of firearms regulation" from a historian's perspective. *Id.* ¶ 15; *see also* Vorenberg Obj., Obj. No. 1.
[8] *See, e.g.*, Rivas Obj., Obj. Nos. 1, 11; Spitzer Obj., Obj. No. 1; Vorenberg Obj., Obj. Nos. 6, 8.

merits. But there is no basis for concluding the opinions lack foundation at the preliminary injunction stage.

## CONCLUSION

For the foregoing reasons, Plaintiffs' evidentiary objections to portions of the declarations of Professors Brennan Rivas, Robert Spitzer, and Michael Vorenberg should be overruled, and the motions to strike should be denied.

Dated: March 5, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JANE E. REILLEY
Deputy Attorney General

*s/ Christina R.B. López*

CHRISTINA R.B. LÓPEZ
Deputy Attorney General
*Attorneys for Defendant Rob Bonta*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Rob Bonta, certifies that this brief contains 1,044 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 5, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JANE E. REILLEY
Deputy Attorney General

*s/ Christina R.B. López*

CHRISTINA R.B. LÓPEZ
Deputy Attorney General
*Attorneys for Defendant Rob Bonta*