ROB BONTA
Attorney General of California
MARK R BECKINGTON
Supervising Deputy Attorney General
JANE E. REILLEY
Deputy Attorney General
State Bar No. 314766
CHRISTINA R.B. LÓPEZ
Deputy Attorney General
State Bar No. 312610
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6106
  Fax:  (916) 324-8835
  E-mail:  Christina.Lopez@doj.ca.gov
*Attorneys for Defendant Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual; CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual, <br><br>                Plaintiffs, <br><br>   v. <br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10, <br><br>                Defendants. | 2:23-cv-10169 <br><br>**DEFENDANT ROB BONTA'S OBJECTIONS TO REBUTTAL DECLARATION OF CLAYTON CRAMER** <br><br>**[ECF No. 32-1]** <br><br>Date:        April 10, 2024 <br>Time:       1:30 p.m. <br>Courtroom:  5C <br>Judge:      The Honorable Sherilyn Peace Garnett |

1

## INTRODUCTION

Plaintiffs' purported expert historian, Clayton Cramer, filed a 17-page "brief rebuttal declaration" in response to the testimony of Defendant's experts. ECF No. 32 (Reply) at 2, n.1. Although there are substantive deficiencies in that declaration, the objections below are focused solely on Mr. Cramer's legal conclusions about how to interpret various Supreme Court precedents, including *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Because such testimony is plainly inadmissible, even at the preliminary injunction stage, it should be disregarded and stricken from the record. *See United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("[A]n expert cannot testify to a matter of law amounting to a legal conclusion.").

## LEGAL STANDARD

Federal Rule of Evidence 702 permits expert testimony only from a witness who is "qualified as an expert by knowledge, skill, experience, training, or education." General qualifications as an expert are not sufficient; rather, an expert witness must be qualified in the specific subject for which their testimony is offered. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–92 (1993). Rule 702 also "places limits on the areas of expertise and the methodologies of analysis which may be covered and used by an expert witness." *DSU Med. Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1146 (N.D. Cal. 2003). While expert testimony is not necessarily objectionable "just because it embraces an ultimate issue," Fed. R. Evid. 704(a), this exception does not extend to testimony on an ultimate issue of law. *See United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) ("Consistent with Rule 704(a), this court has repeatedly affirmed that an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." (quotation marks omitted)).

## ARGUMENT

Defendant objects that the following portions of the Rebuttal Declaration of Clayton Cramer, ECF No. 32-1—which purport to interpret (and frequently misinterpret) case law—constitute improper legal conclusions:

- Paragraph 8 in its entirety.
- Paragraphs 31 and 32 in their entirety.
- The portion of paragraph 50 beginning "the *Bruen* decision" and ending "was ratified."
- Paragraph 52 in its entirety.

Because such testimony invades the province of the Court, it should be disregarded and stricken from the record. *See Tamman*, 782 F.3d at 552; *Diaz*, 876 F.3d at 1197.

## CONCLUSION

Defendant respectfully requests that this Court sustain the above objections to the Rebuttal Declaration of Clayton Cramer and strike the challenged testimony from the record.

Dated: March 5, 2024

Respectfully submitted,

ROB BONTA  
Attorney General of California  
MARK R. BECKINGTON  
Supervising Deputy Attorney General  
JANE E. REILLEY  
Deputy Attorney General

*s/ Christina R.B. López*

CHRISTINA R.B. LÓPEZ  
Deputy Attorney General  
*Attorneys for Defendant Rob Bonta*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Rob Bonta, certifies that this brief contains 415 words, which complies with the word limit of L.R. 11-6.1.

Dated:  March 5, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
MARK R. BECKINGTON
Supervising Deputy Attorney General
JANE E. REILLEY
Deputy Attorney General

*s/ Christina R.B. López*

CHRISTINA R.B. LÓPEZ
Deputy Attorney General
*Attorneys for Defendant Rob Bonta*