MARK SELWYN (CA Bar No. 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Road
Palo Alto, California 94306
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

*Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna*

(additional counsel listed below)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual, CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10, <br><br> Defendants. | Case No. 2:23-cv-10169-SPG-ADS <br><br> **DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT AND SHERIFF ROBERT LUNA'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT AND SHERIFF ROBERT LUNA'S SURVEY OF HISTORICAL LICENSE REQUIREMENTS AND MOTION TO STRIKE OR DENY JUDICIAL NOTICE OF SAME** <br><br> [ECF No. 32-11] <br><br> Judge: Hon. Sherilyn Peace Garnett <br> Hearing Date: April 10, 2024 <br> Hearing Time: 1:30 p.m. <br> Courtroom: 5C |

LA COUNTY'S RESPONSE TO EVIDENTIARY OBJECTIONS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

ALAN SCHOENFELD (*pro hac vice* forthcoming)
alan.schoenfeld@wilmerhale.com
NOAH LEVINE (*pro hac vice* forthcoming)
noah.levine@wilmerhale.com
RYAN CHABOT (*pro hac vice*)
ryan.chabot@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

*Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna*

With their reply in support of their motion for preliminary injunction, Plaintiffs filed "evidentiary objections and motion to strike or deny judicial notice of" a document that Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna (together, LASD) submitted with their opposition to Plaintiffs' preliminary injunction motion. *See* ECF No. 32-11. The document Plaintiffs challenge—ECF No. 27-9—catalogues for the Court's convenience 60 historical licensing laws that LASD separately submitted to the Court through primary source reprintings for judicial notice (ECF No. 27-10). The Court should reject Plaintiffs' objections and deny their motion to strike, for at least three reasons.

*First*, Plaintiffs' objections and motion are non-substantive. Plaintiffs agree that the primary source reprintings of the historical licensing laws (ECF No. 27-10) are proper candidates for judicial notice. *See* ECF No. 32-11 (Pls' Evidentiary Obj.) at 3 n.3 ("Reprintings or copies of the laws themselves are properly the subject of judicial notice under FRE 201."). These primary source reprintings are all that LASD asked this Court to judicially notice. *See* ECF No. 27-8. What Plaintiffs object to, and move to strike, is only the non-substantive chart that catalogues those same historical licensing laws for the Court's convenience. *See* ECF No. 27-9. But LASD is not asking the Court to judicially notice this compilation. Plaintiffs' objections to this separate demonstrative document therefore have no substantive force behind them—the Court could simply take unopposed judicial notice of the historical licensing laws themselves and deny Plaintiffs' objections and motion as moot.

*Second*, the Court can likewise summarily overrule Plaintiffs' objections to the compilation under Federal Rules of Evidence 401, 601, 602, 701, 702, and 704. LASD submitted this compilation purely for the Court's convenience, much as it would a table of contents. LASD is not arguing that the compilation should be

1

LA COUNTY'S RESPONSE TO EVIDENTIARY OBJECTIONS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

entered into the record as evidence, only the public records of the enacted legislation. Indeed, LASD does not cite the compilation anywhere in its briefing.

*Third*, even taken on its merits, Plaintiffs' motion to strike should be denied. Apart from the evidentiary objections, the only argument for striking the compilation that Plaintiffs make is that it allegedly contains attorney argument beyond the Court's page limitations. Mot. at 5. On that front, Plaintiffs' very narrow objection is to the single-sentence summaries of the historical laws included in the chart. But those summaries are not argument; they are objective, short descriptions of the laws offered, again, for the Court's convenience when using the document.

As their only example, Plaintiffs characterize as argumentative the description of an 1876 Sacramento law, accusing LASD of "improperly expand[ing]" its ambit in the summary of it. Mot. at 4. The description that LASD provided states: "Allowing police to issue a license to carry a concealed weapon to a 'peaceable person, whose profession or occupation may require him to be out at late hours of the night, to carry concealed deadly weapons for his protection.'" ECF No. 27-9 at 10. The complete text of Section 3 of the law—the section authorizing the issuance of a license—provides: "The Police Commissioner of the City of Sacramento may grant written permission to any peaceable person, whose profession or occupation may require him to be out at late hours of the night, to carry concealed deadly weapons for his protection." ECF No. 27-10 at 147. Plaintiffs complain that LASD did not also summarize Section 1 of the law, which imposes the threshold prohibition on concealed carry,[1] but LASD was not citing

---

[1] Section 1 provides: "It shall be unlawful for any person, not being a public office or traveler, or not having a permit from the Police Commissioners of the City of Sacramento, to wear or carry, concealed, any pistol, dirk, or other dangerous or deadly weapon." ECF No. 27-10 at 147.

the law to show a history of prohibiting concealed carry—LASD was citing it to show a history of licensing regimes. LASD cited, and summarized accurately, fully, and objectively, the section of the law concerning licensing. Plaintiffs' complaint about improper legal argument is meritless.

If anything, it is Plaintiffs, not LASD, who are subject to that criticism. In response to LASD's short, objective summaries, Plaintiffs have engaged their purported expert Clayton Cramer to offer interpretations of five of the 60 regulation descriptions in LASD's overview. *See* ECF No. 32-5 at 6-8. The Court should disregard Mr. Cramer's opinions. The Court does not need help interpreting statutes, even historical ones—especially not from Mr. Cramer, who "has written of his hope to win 'the battle' for gun rights" by offering opinions in Second Amendment cases that have been found to be "poorly reasoned and suggesting a lack of true expertise." *Baird v. Bonta*, 2023 WL 9050959, at *16, *40 (E.D. Cal. Dec. 29, 2023); *cf. United States ex rel. Miller v. ManPow, LLC*, 2023 WL 9005796, at *9 (C.D. Cal. Nov. 22, 2023) (holding that an expert opinion that is "rife with impermissible statutory and regulatory interpretations … clearly is excludable as improper expert testimony on the meaning of statutes or regulations").

For these reasons, Plaintiffs' evidentiary objections to LASD's overview of historical license requirements (ECF No. 27-9) should be overruled, and the motion to strike or deny judicial notice should be denied.

Dated: March 20, 2024                Respectfully submitted,

/s/ Mark Selwyn
MARK SELWYN (CA Bar No. 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP

3
LA COUNTY'S RESPONSE TO EVIDENTIARY OBJECTIONS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

2600 El Camino Road
Palo Alto, California 94306
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

ALAN SCHOENFELD (*pro hac vice* forthcoming)
alan.schoenfeld@wilmerhale.com
NOAH LEVINE (*pro hac vice* forthcoming)
noah.levine@wilmerhale.com
RYAN CHABOT (*pro hac vice*)
ryan.chabot@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

*Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna*

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief does not exceed 25 pages in length using Times New Roman 14-point font, which complies with this Court's Standing Order of October 24, 2023.

Dated:  March 20, 2024                    */s/ Mark Selwyn*
                                          Mark Selwyn