| | |
|---|---|
| 1 | Bruce A. Lindsay, Esq., SBN 102794 |
| | bal@jones-mayer.com |
| 2 | Monica Choi Arredondo, Esq., SBN 215847 |
| | mca@jones-mayer.com |
| 3 | JONES MAYER |
| | 3777 North Harbor Boulevard |
| 4 | Fullerton, CA  92835 |
| | Telephone:  (714) 446-1400 |
| 5 | Facsimile:  (714) 446-1448 |

Attorneys for Defendants,
LA VERNE POLICE DEPARTMENT, LA VERNE
CHIEF OF POLICE COLLEEN FLORES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual; CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual, | Case No.  2:23-cv-10169-SPG-ADS |
| | *Honorable Sherilyn Peace Garnett* |
| | *Magistrate Judge Autumn D. Spaeth* |
| | **OPPOSITION OF DEFENDANTS CITY OF LA VERNE AND CHIEF FLORES TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE (Dkt. 43)** |
| Plaintiffs, | |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10, | |
| Defendants. | |

COME NOW the Defendants CITY OF LA VERNE and CHIEF FLORES and file this, their Opposition to the Plaintiffs' Request for Judicial Notice (Dkt. 43).  Said Opposition is based on the grounds that the Plaintiffs have offered no authority that supports their claim that this Court may judicially notice the opinion of counsel for the



United States government stated in a brief in a criminal appeal that bears no relation to the instant lawsuit. The opinion of counsel was regarding their impression of the meaning and construction of footnote 9 of *N.Y. Rifle & Pistol Ass'n. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022).

Further, it is axiomatic that the opinion of said counsel, is just that – an opinion of a litigant's attorney, not a Court – which is not the proper subject of judicial notice, as an opinion is not a fact that can be "accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## I. THE CASES CITED BY PLAINTIFFS DO NOT SUPPORT THEIR REQUEST FOR JUDICIAL NOTICE

The three cases cited by Plaintiffs seeking to justify their request are inapposite.

*Holder v. Holder*, 305 F. 3d 854 (9th Cir. 2002) concerned the question of whether an earlier state court custody lawsuit precluded the father from bringing a petition in federal court under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") which alleged that the mother had abducted their child. The Ninth Circuit reviewed the state court decision, including the briefings, and determined that the issue of the applicability of the Hague Convention was not litigated in that case. Hence, there was no preclusion of the federal Hague Convention lawsuit since the issue of its application was not decided (nor even raised) in the state court lawsuit.

In *Holder*, the Ninth Circuit did not rule that Fed. R. Evid. 201(b)(2) authorizes or condones taking judicial notice of the opinion of an attorney in an unrelated lawsuit, let alone the opinion of counsel regarding the meaning of dictum which Plaintiffs are asking this Court to do. Rather, the Court took judicial notice of a California Court of Appeal opinion and the briefs filed in that proceeding and in the trial court to investigate whether the Hague Convention claim had been previously adjudicated such that preclusion of the federal lawsuit would ensue. It determined that the Hague convention claim had not been considered. *Holder*, 305 F. 3d at 866.

*United States ex rel. Geisler v. Walters*, 510 F. 2d 887 (3d Cir. 1974) also did not involve a court taking judicial notice of the opinion of an attorney in an unrelated case. The issue there was whether a prisoner seeking habeas corpus in federal court had exhausted his state court remedy prior to initiating the federal petition. The Third Circuit properly ruled that review of the decision and briefing in the state court action was subject to judicial review for the determination of exhaustion of the state remedy by the petitioner.

Like the Ninth Circuit, in *Geisler* the Third Circuit did not hold that Rule 201(b)(2) authorized a court to take judicial notice of an attorney's opinion in an unrelated lawsuit. Rather, it took judicial notice of briefs and petitions filed with the appellate courts in the related state court action. *Geisler*, 510 F. 2d at 890, fn. 4.

In *Southmark Prime Plus, L.P. v. Falzone*, 778 F. Supp. 888 (D. Del. 1991), the Court also did not hold that Rule 201(b)(2) authorized it to take notice of an attorney's opinion stated in a brief in an unrelated lawsuit, as Plaintiffs would have this Court do. *Southmark* involved a lawsuit brought by two real estate partnerships against multiple defendants alleging violations of federal securities laws and RICO misdeeds. It was not the first lawsuit between the parties and in making and opposing the Defendants' Rule 12(c) motion both sides made reference to parallel proceedings in California. The Court ruled that it could take judicial notice of those proceedings between **the same parties** in ruling on the Defendants' Rule 12(c) motion, *id.* at 892, which is a far cry from Plaintiffs' assertion that this Court can take judicial notice of the U.S. Attorney's opinion regarding the dictum of footnote 9 of *Bruen*.

Other than these three inapposite cases, Plaintiffs only cite the case of *Gilbrook v. City of Westminster,* 177 F. 3d 839, 858 (9th Cir. 1999), which did not involve a court taking judicial notice of comments of counsel in a brief in an unrelated case. The cited portion of the opinion dealt with the admissibility of a report of the Financial Review Committee of the city regarding fire service costs in a lawsuit alleging that fire personnel were fired in retaliation for their political support of a candidate for mayor.

OPPOSITION OF DEFENDANTS CITY OF LA VERNE AND CHIEF FLORES TO
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE (Dkt. 43)

The report was held to be a public record capable of being admitted in evidence as an exception to the hearsay rule. Judicial notice was not at issue.

## II. FED. R. EVID. 201 APPLIES ONLY TO INDISPUTABLE FACTS, NOT OPINIONS OF COUNSEL

To reiterate the guiding principle here, Rule 201(b)(2) allows a court to take judicial notice of "a **fact** that is not subject to reasonable dispute because it … can be accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2)(Emphasis added). The only fact that can be said of the quoted portion of the government's brief that Plaintiffs try to offer for this Court to notice is that the brief contains the quoted statement. However, the quoted statement is an opinion that is subject to reasonable dispute as to the meaning and construction of the Supreme Court's dictum in footnote 9 of *Bruen*. The truth of the quoted language – an opinion of counsel – is not the subject of judicial notice.

This Court should deny the Request for Judicial Notice sought by Plaintiffs (Dkt. 43) as it improperly asks the Court to take judicial notice of an opinion in an unrelated case, not a fact that is not subject to reasonable dispute. In the event that the Court is inclined to judicially notice the opinion of counsel contained in the Brief of the *United States, United States of America v. David Robinson, Jr.,* No. 23-12551 (11th Cir. Mar. 29, 2024), ECF No. 40, Defendants object to the admissibility of such evidence, as it constitutes inadmissible hearsay under Federal Rules of Evidence 801 and 802.

Dated: May 2, 2024  JONES MAYER

By: */s/Bruce A. Lindsay*
Bruce A. Lindsay
Monica Choi Arredondo
Attorneys for Defendants,
LA VERNE POLICE DEPARTMENT, LA VERNE CHIEF OF POLICE COLLEEN FLORES