C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual, CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTA, in his official capacity as Attorney General of the State of California and DOES 1-10, <br><br>Defendants. | CASE NO: 8:23-cv-10169-SPG (ADSx) <br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br>Judge: Hon. Sherilyn Peace Garnett |

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

On May 9, 2024, the Ninth Circuit issued its ruling in the matter of *United States v. Duarte,* No. 22-50048, 2024 WL 2068016 (9th Cir. May 9, 2024). There, the panel held that 18 U.S.C. § 922(g)(1), which makes it a crime for any person to possess a firearm if he has been convicted of an offense punishable by imprisonment for a term exceeding one year, was unconstitutional as applied to a nonviolent felon. A copy of the ruling is attached as **Exhibit A** to this notice.

*Duarte* is relevant to this case and the pending preliminary injunction motion for at least two reasons:

First, Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna have argued that the proposed course of conduct that Plaintiffs wish to engage in is acquiring a CCW permit "on a specific timeline where the agency issuing the permits is confronting unprecedented backlogs following a sea change in the governing law." LASD Opp. at 9:11-15. Plaintiffs countered that their proposed course of conduct is simply "carrying handguns publicly for self-defense", which is what they would do were it not for the unreasonably long, multiyear wait times.[1] In *Duarte*, the Ninth Circuit did not define Mr. Duarte's proposed course of conduct as "possessing a firearm even though he had been convicted of prior nonviolent felonies." The Court simply defined it as "simple possession [of a firearm]" and proceeded to the historical analysis. *Duarte*, 2024

---

[1] On this point, the associational plaintiffs note that several of their members have recently reached out to complain that their appointments to pick up their CCW permits from the Los Angeles County Sheriff's Department are now being cancelled and postponed indefinitely due to an unexplained "software update." This includes some individuals who were simply renewing their existing permits, which up until now was the sole part of Defendants' process that was moving relatively smoothly. As a result, several of associational Plaintiffs' members have effectively lost their right to carry, as their permits expired and they have not been contacted with a new pick-up date. Plaintiffs have decided to wait and see if this issue resolves itself in a couple more weeks. But if it does not, they will submit supplemental declarations from their affected members or additional motions for this Court to consider.

WL 2068016, at *9. Defendants' attempt to overly constrain the proposed course of conduct to dodge historical scrutiny therefore must fail.

<u>Second</u>, one of the Plaintiffs in this matter, Mr. Velasquez, as well as CRPA member Mr. Partowashraf, were both denied their carry permits even though neither of them is a felon (let alone a violent felon). In *Duarte*, the defendant had *five* prior non-violent *convictions*, and yet, because none were violent crimes and the government failed to show any historical tradition of disarming nonviolent former criminals, the Ninth Circuit held that he could not be denied his Second Amendment right. "Based on this record, we cannot say that Duarte's predicate offenses were, by Founding era standards, of a nature serious enough to justify permanently depriving him of his fundamental Second Amendment rights." *Id.*, 2024 WL 2068016, at *24. The same easily applies to Mr. Velasquez, who was not even charged with any crime, and Mr. Partowashraf, whose temporary restraining order was dissolved upon a hearing. *Duarte* is thus dispositive on this aspect of Plaintiffs' motion for preliminary injunction. Mr. Velasquez and Mr. Partowashraf may not be denied their fundamental Second Amendment right to carry a handgun for self-defense.

Additionally, Plaintiffs also notify this Court that the City and County of Honolulu has stipulated to an injunction in a lawsuit pertaining to lengthy wait times for CCW permits. For all applications submitted after the date of the injunction, Honolulu "shall issue a decision granting or denying each applicant's application to carry a concealed weapon before one-hundred-twenty (120) days after the date on which the applicant first submitted a signed application form." This demonstrates that even a city that did not issue any CCW permits prior to *Bruen* nonetheless acknowledges that it is now obligated under the Second Amendment to process permit applications in a reasonable timeframe. A copy of

the signed Stipulated Judgment and Stipulated Permanent Injunction is attached as **Exhibit B**.

Respectfully submitted,

Dated: May 10, 2024          **MICHEL & ASSOCIATES, P.C.**

*/s/ C.D. Michel*
C.D. Michel
Counsel for Plaintiffs

Dated: May 10, 2024          **LAW OFFICES OF DON KILMER**

*/s/ Don Kilmer*
Don Kilmer
Counsel for Plaintiff The Second Amendment Foundation

# CERTIFICATE OF SERVICE
## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *California Rifle and Pistol Association, et al., v. Los Angeles County Sheriff's Dept., et al.*

Case No.:    8:23-cv-10169-SPG (ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

on the following parties, as follows:

Mark R Beckington
Jane E. Reilley
Christina R.B. Lopez, Deputy Attorney General
California Department of Justice
Office of the Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
jane.reilley@doj.ca.gov
Christina.Lopez@doj.ca.gov

*Attorney for Defendants*

Dawyn R. Harrison, County Counsel
Caroline Shahinian, Deputy County Counsel
Office of the County Counsel
500 W Temple St Ste 648
Los Angeles, CA 90012-3196
cshahinian@counsel.lacounty.gov

*Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna*

Bruce A. Lindsay
Monica Choi Arredondo
JONES MAYER
3777 N. Harbor Blvd.
Fullerton, CA 92835
bal@jones-mayer.com
mca@jones-mayer.com

*Attorneys for Defendants La Verne Police Department and La Verne Chief of Police Colleen Flores*

by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct. Executed May 10, 2024.

Christina Castron