1  MARK SELWYN (CA Bar No. 244180)
   mark.selwyn@wilmerhale.com
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  2600 El Camino Road
   Palo Alto, California 94306
4  Telephone: (650) 858-6031
   Facsimile: (650) 858-6100

5  *Attorneys for Defendants Los Angeles County*
   *Sheriff's Department and Sheriff Robert Luna*
6
7  (additional counsel listed below)

8  **UNITED STATES DISTRICT COURT**
9  **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual, CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10, <br><br> Defendants. | Case No. 2:23-cv-10169-SPG-ADS <br><br> **DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT AND SHERIFF ROBERT LUNA'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF No. 45)** <br><br> Judge: Hon. Sherilyn Peace Garnett |

RYAN CHABOT (*pro hac vice*)
ryan.chabot@wilmerhale.com
ALAN SCHOENFELD (*pro hac vice* forthcoming)
alan.schoenfeld@wilmerhale.com
NOAH LEVINE (*pro hac vice* forthcoming)
noah.levine@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

*Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna*

The Court should disregard Plaintiffs' notice of supplemental authority filed on May 10, 2024. *See* ECF No. 45.

Since the April 10 hearing on Plaintiffs' motion for preliminary injunction, Plaintiffs have repeatedly made unapproved additional filings. First they filed an unapproved supplemental request for judicial notice, asking the Court to judicially notice a sentence in a brief filed by a non-party in a different court. *See* ECF No. 43. Now they have filed an unapproved de facto supplemental brief, making arguments about how the Court should apply a recent Ninth Circuit decision and what it should infer from a stipulation filed by non-parties in another court. *See* ECF No. 45. They cite no authority permitting these filings, for which they did not seek leave—because they are not permitted. *See Riot Games, Inc. v. Suga PTE, Ltd.*, 638 F. Supp. 3d 1102, 1111 n.1 (C.D. Cal. 2022) (declining to consider notice of supplemental authority filed without first receiving leave from the Court).

Where permitted by the court, a "notice of supplemental authority should include only a copy of or citation to a recently published case, and should not include additional arguments unless leave to do so is granted." *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *3 n.3 (C.D. Cal. Dec. 11, 2018); *Nichols v. Harris*, 17 F. Supp. 3d 989, 996 n.3 (C.D. Cal. 2014) ("In sum, filing a Notice of Supplemental Authority with a copy of or a citation to a recently published case is proper; including a memorandum with the Notice explaining why the case is relevant is not."), *rev'd on other grounds sub nom.*, *Nichols v. Newsom*, 2022 WL 4295404 (9th Cir. Sept. 12, 2022); *ABS Ent., Inc. v. CBS Corp.*, 2016 WL 4259846, at n.1 (C.D. Cal. May 30, 2016) ("To the extent the parties' filings include additional arguments, the parties did not obtain leave from the Court to do so," and so "the filings are stricken and will not be considered by the Court."), *rev'd on other grounds*, 908 F.3d 405 (9th Cir. 2018). The Court should disregard Plaintiffs' filing or, at minimum, Plaintiffs' argument accompanying it.

1

LA COUNTY'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

If the Court considers Plaintiffs' arguments, LA County responds as follows.

*United States v. Duarte* does not apply in either of the two ways Plaintiffs argue. 2024 WL 2068016 (9th Cir. May 9, 2024). *First*, it does not dictate, or even analyze, how to determine the bounds of the course of conduct for the Second Amendment textual analysis. *Duarte* just states in a single sentence that Duarte's proposed course of conduct was carrying a handgun publicly for self-defense, a point "the Government never disputes." *Id.* at *2, *9. And Duarte was prohibited from carrying a handgun publicly for self-defense altogether, forever, without exception, by 18 U.S.C. § 922(g)(1). Plaintiffs aren't—they are just required to have a license, under a shall-issue regime of the type that *Bruen* repeatedly emphasized is constitutional under the Second Amendment. So neither the facts nor the law of *Duarte* are relevant to the course-of-conduct question here.

*Second*, *Duarte* has no bearing on the as-applied constitutional challenges of Mr. Velasquez or Mr. Partowashraf. Plaintiffs challenge the denial of licenses to Mr. Velasquez and Mr. Partowashraf as allegedly applying impermissible "subjective criteria." *Duarte* has nothing to do with subjective criteria, or with licensing regimes at all. *See, e.g.*, *Duarte*, 2024 WL 2068016, at *15, *20 (distinguishing historical "[b]ans on selling arms to Indians" because they "referred to licensing requirements and implied that those with proper credentials could still trade arms with Indians"); *id.* at *21 (distinguishing historical "laws disarming Blacks" because they permitted carry with a "'ticket or license'" or "certificate"). Over Judge Smith's dissent, the *Duarte* panel held only that § 922(g)(1)'s lifetime, without-exception ban on possessing firearms due to Duarte's particular convictions for certain non-violent crimes was unconstitutional as applied to Duarte. It does not hold that only violent convictions suffice to limit the public carry of firearms, nor could it—not under *Bruen*'s express approval of shall-issue licensing regimes nor under Ninth Circuit precedent. *See, e.g.*, *United*

2

*States v. Perez-Garcia*, 96 F.4th 1166, 1192 (9th Cir. 2024) (upholding firearms conditions on pretrial release as "consistent with our nation's long history of temporarily disarming criminal defendants facing serious charges and those deemed dangerous or unwilling to follow the law").

It is also worth noting that the United States has already filed a petition for rehearing en banc and for an expedited order vacating the panel opinion in *Duarte*, No. 22-50048, Dkt. No. 72-1. Since *Duarte* held that an earlier Ninth Circuit precedent "no longer controls," over Judge Smith's dissent on this point, it is a likely candidate for rehearing en banc. So even if the panel decision had some bearing on the issues before this Court—it does not—it ought not inform the Court's ruling.

As for the City of Honolulu's settling of a lawsuit in the District of Hawaii, it is meaningless to this Court. That and how a different city settles a different lawsuit has no bearing on the highly contested issues here. Plaintiffs also misrepresent the settlement. They say Honolulu "acknowledges that it is now obligated under the Second Amendment to process permit applications in a reasonable timeframe." ECF No. 45 at 3. That is false. The stipulation Plaintiffs submit expressly states that "Nothing in this Order shall be construed as an admission of liability or violation of any right by the County or any agent thereof." ECF No. 45-2 at 9. So there is nothing for the Court to take from this settlement.

Dated: May 17, 2024

Respectfully submitted,

*/s/ Ryan Chabot*
RYAN CHABOT
(*pro hac vice*)
ryan.chabot@wilmerhale.com
ALAN SCHOENFELD
(*pro hac vice* forthcoming)

alan.schoenfeld@wilmerhale.com
NOAH LEVINE
(*pro hac vice* forthcoming)
noah.levine@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

MARK SELWYN (CA Bar No. 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Road
Palo Alto, California 94306
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

*Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna*

4

LA COUNTY'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief does not exceed 25 pages in length using Times New Roman 14-point font, which complies with this Court's Standing Order of October 24, 2023.

Dated:  May 17, 2024          */s/ Ryan Chabot*
                                                 Ryan Chabot

5

LA COUNTY'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169