Bruce A. Lindsay, Esq., SBN 102794
bal@jones-mayer.com
Monica Choi Arredondo, Esq., SBN 215847
mca@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants,
LA VERNE POLICE DEPARTMENT, LA VERNE CHIEF OF POLICE COLLEEN FLORES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual; CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual,

Plaintiffs,

v.

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTE, in his official capacity as Attorney General of the State of California; and DOES 1-10,

Defendants.

Case No. 2:23-cv-10169-SPG-ADS

*Honorable Sherilyn Peace Garnett*
*Magistrate Judge Autumn D. Spaeth*

**DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**



Pursuant to Federal Rule of Evidence 201, Defendants City of La Verne and Chief Colleen Flores respectfully request that the Court take judicial notice of the following materials submitted in support of their Opposition to the Motion for Preliminary Injunction of the Plaintiffs. The document is relevant in the matter as the Plaintiffs are making an "as applied" challenge to the Defendants' CCW permit process and requirements and indicates a change in the process that benefits Plaintiffs and all other applicants.

The following matters are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**Exhibit A:** The Professional Services Agreement entered by the City of La Verne with Seal Beach Consulting as of May 13, 2024 for psychological evaluation of CCW license/permit applicants applying to the La Verne Police Department for CCW licenses/permits.

## I. LEGAL STANDARD

Federal courts may grant judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. Rule 201(b)(2). A court may take judicial notice of such facts "at any stage of the proceeding," including in ruling on a motion pending before the court. Fed. R. Evid. 201(f); *see Hunt v. Check Recovery Sys.*, 478 F.Supp.2d 1157, 1160 (N.D. Cal. 2007) (taking judicial notice on a summary judgment motion).

The Courts routinely grant judicial notice of the records of public entities and agencies, kept in the ordinary course of business of the entity or agency. Such records are not subject to reasonable dispute and their accuracy can be readily determined by review of the public records of the entity or agency.

## II. CONCLUSION

For the foregoing reasons, the Court should take judicial notice of Exhibit A of

this Request for Judicial Notice as identified in the Lindsay Declaration.

Dated: May 23, 2024

JONES MAYER

By: */s/Bruce A. Lindsay*
Bruce A. Lindsay
Monica Choi Arredondo
Attorneys for Defendants,
LA VERNE POLICE DEPARTMENT, LA VERNE CHIEF OF POLICE COLLEEN FLORES



