Bruce A. Lindsay, Esq., SBN 102794
bal@jones-mayer.com
Monica Choi Arredondo, Esq., SBN 215847
mca@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448

Attorneys for Defendants,
LA VERNE POLICE DEPARTMENT, LA VERNE
CHIEF OF POLICE COLLEEN FLORES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual; CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTE, in his official capacity as Attorney General of the State of California; and DOES 1-10, <br><br> Defendants. | Case No. 2:23-cv-10169-SPG-ADS <br><br> *Honorable Sherilyn Peace Garnett* <br> *Magistrate Judge Autumn D. Spaeth* <br><br> **DECLARATION OF BRUCE A. LINDSAY IN SUPPORT OF DEFENDANTS LA VERNE POLICE DEPARTMENT AND LA VERNE CHIEF OF POLICE COLLEEN FLORES' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> *[Filed concurrently herewith: Supplemental Request for Judicial Notice]* |



# DECLARATION OF BRUCE A. LINDSAY

I, BRUCE A. LINDSAY, state and declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and am associated with the firm of Jones Mayer, attorneys of record for the Defendants LA VERNE POLICE DEPARTMENT, LA VERNE CHIEF OF POLICE COLLEEN FLORES. I am a competent adult and if called upon to testify could and would testify to the following as being of my own personal knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of the Professional Services Agreement entered by the City of La Verne with Seal Beach Consulting as of May 13, 2024 for psychological evaluation of CCW license/permit applicants applying to the La Verne Police Department for CCW licenses/permits.

3. The contract is noteworthy as the City is charged and is to pay the entire fee of the service provider of $155.00.

I declare under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct, as executed this 23rd day of May 2024, at Fullerton, California.

>     /s/Bruce A. Lindsay
>     Bruce A. Lindsay



# EXHIBIT A

CITY OF LA VERNE

PROFESSIONAL SERVICES AGREEMENT

WITH SEAL BEACH CONSULTING

THIS PROFESSIONAL SERVICES AGREEMENT ("Agreement") is made and entered into this 7th day of May, 2024 ("Effective Date"), by and between the CITY OF LA VERNE, a municipal corporation ("City"), and Seal Beach Counseling ("Consultant").

**RECITALS**

A. From time to time, members of the public apply to the city to obtain a permit to carry a concealed weapon (CCW). City desires to refer applicants to Consultant, and for Consultant to provide psychological assessments services to such persons as more fully described herein; and

B. Consultant represents that it has that degree of specialized expertise contemplated within California Government Code section 37103, and holds all necessary licenses to practice and perform the services herein contemplated; and

C. City and Consultant desire to contract for the specific services described in Exhibit "A" and desire to set forth their rights, duties and liabilities in connection with the services to be performed; and

D. No official or employee of City has a financial interest, within the provisions of sections 1090-1092 of the California Government Code, in the subject matter of this Agreement.

NOW, THEREFORE, for and in consideration of the mutual covenants and conditions contained herein, the parties hereby agree as follows:

**1.0. SERVICES PROVIDED BY CONSULTANT**

1.1. <u>Scope of Services</u>. Consultant shall provide the professional services described in Exhibit "A," Scope of Services, incorporated herein.

1.2. <u>Professional Practices</u>. All professional services to be provided by Consultant pursuant to this Agreement shall be provided by personnel experienced in their respective fields and in a manner consistent with the standards of care, diligence and skill ordinarily exercised by professional consultants in similar fields and circumstances in accordance with sound

professional practices. Consultant also warrants that it is familiar with all laws that may affect its performance of this Agreement and shall advise City of any changes in any laws that may affect Consultant's performance of this Agreement.

       1.3.    <u>Performance to Satisfaction of City</u>. Consultant agrees to perform all the work to the complete satisfaction of the City. Evaluations of the work will be done by the City Manager or his or her designee. If the quality of work is not satisfactory, City in its discretion has the right to:

          (a)    Meet with Consultant to review the quality of the work and resolve the matters of concern;

          (b)    Require Consultant to repeat the work at no additional fee until it is satisfactory; and/or

          (c)    Terminate the Agreement as hereinafter set forth.

       1.4.    <u>Warranty</u>. Consultant warrants that it shall perform the services required by this Agreement in compliance with all applicable Federal and California employment laws, including, but not limited to, those laws related to minimum hours and wages; occupational health and safety; fair employment and employment practices; workers' compensation insurance and safety in employment; and all other Federal, State and local laws and ordinances applicable to the services required under this Agreement. Consultant shall indemnify and hold harmless City from and against all claims, demands, payments, suits, actions, proceedings, and judgments of every nature and description including attorneys' fees and costs, presented, brought, or recovered against City for, or on account of any liability under any of the above-mentioned laws, which may be incurred by reason of Consultant's performance under this Agreement.

       1.5.    <u>Non-Discrimination</u>. In performing this Agreement, Consultant shall not engage in, nor permit its agents to engage in, discrimination in employment of persons because of their race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military or veteran status, except as permitted pursuant to section 12940 of the Government Code.

       1.6.    <u>Non-Exclusive Agreement</u>. Consultant acknowledges that City may enter into agreements with other consultants for services similar to the services that are subject to this Agreement or may have its own employees perform services similar to those services contemplated by this Agreement.

       1.7.    <u>Delegation and Assignment</u>. This is a personal service contract, and the duties set forth herein shall not be delegated or assigned to any person or entity without the prior written consent of City. Consultant may engage a subcontractor(s) as permitted by law and may employ other personnel to perform services contemplated by this Agreement at Consultant's sole cost and expense.

       1.8.    <u>Confidentiality of City Data</u>. Employees of Consultant in the course of their duties may have access to financial, accounting, statistical, and personnel data of private individuals and employees of City. Consultant covenants that all data, documents, discussion, or other information developed or received by Consultant or provided for performance of this Agreement are deemed confidential and shall not be disclosed by Consultant without written authorization by City. City shall grant such authorization if disclosure is required by law. All City data shall be

returned to City upon the termination of this Agreement. Consultant's covenant under this Section shall survive the termination of this Agreement.

   1.9. <u>Confidentiality of Applicant Information</u>. Both parties shall maintain the confidentiality of all information obtained or disclosed during the course of providing or receiving services under this Agreement. This includes, but is not limited to, information regarding CCW applicants, evaluation results, and any other sensitive information exchanged between the parties.

**2.0. COMPENSATION AND BILLING**

   2.1. <u>Compensation</u>. City shall pay consultant $155.00 per evaluation of CCW applicants referred by the City. Consultant may request, and shall be entitled to an increase in Consultant's rates, effective the start of the 37th month of this agreement, provided that such rate increases shall not exceed the changes to the Consumer Price Index, All Urban Consumers (CPI-U) for the Los Angeles-Long Beach- Anaheim statistical area, comparing the CPI for February 2024 with the CPI for February 2027.

   2.2. <u>Additional Services</u>.  Consultant shall not receive compensation for any services provided outside the scope of services specified in the Consultant's Proposal unless the City Manager or designee, prior to Consultant performing the additional services, approves such additional services in writing. It is specifically understood that oral requests and/or approvals of such additional services or additional compensation shall be barred and are unenforceable.

   2.3. <u>Method of Billing</u>. Consultant may submit invoices to the City for approval on a progress basis, but no more often than two times a month. Said invoice shall be based on the total of all Consultant's services which have been completed to City's sole satisfaction. City shall pay Consultant's invoice within forty-five (45) days from the date City receives said invoice. Each invoice shall describe in detail, the services performed, the date of performance, and the associated time for completion. Any additional services approved and performed pursuant to this Agreement shall be designated as "Additional Services" and shall identify the number of the authorized change order, where applicable, on all invoices.

   2.4. <u>Records and Audits</u>.  Records of Consultant's services relating to this Agreement shall be maintained in accordance with generally recognized accounting principles and shall be made available to City or its Project Manager for inspection and/or audit at mutually convenient times from the Effective Date until three (3) years after termination of this Agreement.

**3.0. TIME OF PERFORMANCE**

   3.1. <u>Commencement and Completion of Work</u>.  Failure to commence work in a timely manner and/or diligently pursue work to completion may be grounds for termination of this Agreement.

   3.2. <u>Excusable Delays</u>. Neither party shall be responsible for delays or lack of performance resulting from acts beyond the reasonable control of the party or parties. Such acts

shall include, but not be limited to, acts of God, fire, strikes, pandemics (excluding COVID-19), material shortages, compliance with laws or regulations, riots, acts of war, or any other conditions beyond the reasonable control of a party (each, a "Force Majeure Event"). If a party experiences a Force Majeure Event, the party shall, within five (5) days of the occurrence of the Force Majeure Event, give written notice to the other party stating the nature of the Force Majeure Event, its anticipated duration and any action being taken to avoid or minimize its effect. Any suspension of performance shall be of no greater scope and of no longer duration than is reasonably required and the party experiencing the Force Majeure Event shall use best efforts without being obligated to incur any material expenditure to remedy its inability to perform; provided, however, if the suspension of performance continues for sixty (60) days after the date of the occurrence and such failure to perform would constitute a material breach of this Agreement in the absence of such Force Majeure Event, the parties shall meet and discuss in good faith any amendments to this Agreement to permit the other party to exercise its rights under this Agreement. If the parties are not able to agree on such amendments within thirty (30) days and if suspension of performance continues, such other party may terminate this Agreement immediately by written notice to the party experiencing the Force Majeure Event, in which case neither party shall have any liability to the other except for those rights and liabilities that accrued prior to the date of termination.

**4.0.   TERM AND TERMINATION**

      4.1.   <u>Term</u>.  This Agreement shall commence on the Effective Date and continue for a period of 60 months, ending on May 6, 2029, unless previously terminated as provided herein or as otherwise agreed to in writing by the parties.

      4.2.   <u>Notice of Termination</u>.  The City reserves and has the right and privilege of canceling, suspending or abandoning the execution of all or any part of the work contemplated by this Agreement, with or without cause, at any time, by providing written notice to Consultant. The termination of this Agreement shall be deemed effective upon receipt of the notice of termination. In the event of such termination, Consultant shall immediately stop rendering services under this Agreement unless directed otherwise by the City.

      4.3.   <u>Compensation</u>. In the event of termination, City shall not be required to pay Consultant.

      4.4.   <u>Documents</u>.  In the event of termination of this Agreement, all documents prepared by Consultant in its performance of this Agreement shall be delivered to the City within ten (10) days of delivery of termination notice to Consultant, at no cost to City. Any use of uncompleted documents without specific written authorization from Consultant shall be at City's sole risk and without liability or legal expense to Consultant.

**5.0.   INSURANCE**

      5.1.   <u>Minimum Scope and Limits of Insurance</u>.  Consultant shall obtain, maintain, and keep in full force and effect during the life of this Agreement all of the following minimum scope of insurance coverages with an insurance company admitted to do business in California, rated "A," Class X, or better in the most recent A.M. Best's Rating Guide, and approved by City:

            (a)   Commercial general liability, including premises-operations, products/completed operations, broad form property damage, blanket contractual liability, independent contractors, personal injury or bodily

injury with a policy limit of not less than One Million Dollars ($1,000,000.00) per occurrence, Two Million Dollars ($2,000,000.00) general aggregate.

(b)     Workers' compensation insurance as required by the State of California.  Consultant agrees to waive, and to obtain endorsements from its workers' compensation insurer waiving subrogation rights under its workers' compensation insurance policy against the City, its officers, agents, employees, and volunteers arising from work performed by Consultant for the City and to require each of its subcontractors, if any, to do likewise under their workers' compensation insurance policies.

(c)     Professional errors and omissions ("E&O") liability insurance with policy limits of not less than One Million Dollars ($1,000,000.00), combined single limits, per occurrence and aggregate. Architects' and engineers' coverage shall be endorsed to include contractual liability. If the policy is written as a "claims made" policy, the retro date shall be prior to the start of the contract work. Consultant shall obtain and maintain, said E&O liability insurance during the life of this Agreement and for three years after completion of the work hereunder.

5.2.    <u>Endorsements</u>.  The commercial general liability insurance policy and shall contain or be endorsed to contain the following provisions:

(a)     Additional insureds: "The City of La Verne and its elected and appointed boards, officers, officials, agents, employees, and volunteers are additional insureds with respect to: liability arising out of activities performed by or on behalf of the Consultant pursuant to its contract with the City; products and completed operations of the Consultant; premises owned, occupied or used by the Consultant; automobiles owned, leased, hired, or borrowed by the Consultant."

(b)     Notice: "Said policy shall not terminate, be suspended, or voided, nor shall it be cancelled, nor the coverage or limits reduced, until thirty (30) days after written notice is given to City."

(c)   Other insurance: "The Consultant's insurance coverage shall be primary insurance as respects the City of La Verne, its officers, officials, agents, employees, and volunteers. Any other insurance maintained by the City of La Verne shall be excess and not contributing with the insurance provided by this policy."

(d)   Any failure to comply with the reporting provisions of the policies shall not affect coverage provided to the City of La Verne, its officers, officials, agents, employees, and volunteers.

(e)   The Consultant's insurance shall apply separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the insurer's liability.

5.3.   <u>Deductible or Self-Insured Retention</u>. If any of such policies provide for a deductible or self-insured retention to provide such coverage, the amount of such deductible or self-insured retention shall be approved in advance by City. No policy of insurance issued as to which the City is an additional insured shall contain a provision which requires that no insured except the named insured can satisfy any such deductible or self-insured retention.

5.4.   <u>Certificates of Insurance</u>.  Consultant shall provide to City certificates of insurance showing the insurance coverages and required endorsements described above, in a form and content approved by City, prior to performing any services under this Agreement.

5.5.   <u>Non-Limiting</u>.  Nothing in this Section shall be construed as limiting in any way, the indemnification provision contained in this Agreement, or the extent to which Consultant may be held responsible for payments of damages to persons or property.

**6.0.   GENERAL PROVISIONS**

6.1.   <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the parties with respect to any matter referenced herein and supersedes any and all other prior writings and oral negotiations. This Agreement may be modified only in writing, and signed by the parties in interest at the time of such modification. The terms of this Agreement shall prevail

over any inconsistent provision in any other contract document appurtenant hereto, including exhibits to this Agreement.

   6.2. <u>Representatives</u>. The City Manager or his or her designee shall be the representative of City for purposes of this Agreement and may issue all consents, approvals, directives and agreements on behalf of the City, called for by this Agreement, except as otherwise expressly provided in this Agreement.

   Consultant shall designate a representative for purposes of this Agreement who shall be authorized to issue all consents, approvals, directives and agreements on behalf of Consultant called for by this Agreement, except as otherwise expressly provided in this Agreement.

   6.3. <u>Project Managers</u>.  City shall designate a Project Manager to work directly with Consultant in the performance of this Agreement.

   Consultant shall designate a Project Manager who shall represent it and be its agent in all consultations with City during the term of this Agreement. Consultant or its Project Manager shall attend and assist in all coordination meetings called by City.

   6.4. <u>Notices</u>. Any notices, documents, correspondence or other communications concerning this Agreement or the work hereunder may be provided by personal delivery or mail and shall be addressed as set forth below. Such communication shall be deemed served or delivered: (a) at the time of delivery if such communication is sent by personal delivery, and (b) 48 hours after deposit in the U.S. Mail as reflected by the official U.S. postmark if such communication is sent through regular United States mail.

| IF TO CONSULTANT: | IF TO CITY: |
|---|---|
| Seal Beach Counseling<br>909 Electric Avenue, Suite 308<br>Seal Beach, CA 90740<br>Tel:  (562) 207-5630<br>Attn:  Ali Zandi | La Verne City Hall<br>3660 "D" Street<br>La Verne, CA 91750<br>Tel: 909-596-8726<br>Attn:  Finance Department<br><br>Courtesy copy to:<br><br>City of La Verne<br>3660 "D" Street<br>La Verne, CA 91750<br>Attn: Police Department |

  6.5. <u>Attorneys' Fees</u>.  If litigation is brought by any party in connection with this Agreement, the prevailing party shall be entitled to recover from the opposing party all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party in the exercise of any of its rights or remedies hereunder or the enforcement of any of the terms, conditions, or provisions hereof.

  6.6. <u>Governing Law</u>.  This Agreement shall be governed by and construed under the laws of the State of California without giving effect to that body of laws pertaining to conflict of laws. In the event of any legal action to enforce or interpret this Agreement, the parties hereto agree that the sole and exclusive venue shall be a court of competent jurisdiction located in Orange County, California.

  6.7. <u>Assignment</u>.  Consultant shall not voluntarily or by operation of law assign, transfer, sublet or encumber all or any part of Consultant's interest in this Agreement without City's prior written consent. Any attempted assignment, transfer, subletting or encumbrance shall be void and shall constitute a breach of this Agreement and cause for termination of this Agreement. Regardless of City's consent, no subletting or assignment shall release Consultant of Consultant's obligation to perform all other obligations to be performed by Consultant hereunder for the term of this Agreement.

  6.8. <u>Indemnification and Hold Harmless</u>.  Consultant agrees to defend, indemnify, hold free and harmless the City, its elected officials, officers, agents and employees, at Consultant's sole expense, from and against any and all claims, actions, suits or other legal proceedings brought against the City, its elected officials, officers, agents and employees arising out of the performance of the Consultant, its employees, and/or authorized subcontractors, of the work undertaken pursuant to this Agreement. The defense obligation provided for hereunder shall apply without any advance showing of negligence or wrongdoing by the Consultant, its employees, and/or authorized subcontractors, but shall be required whenever any claim, action, complaint, or suit asserts as its basis the negligence, errors, omissions or misconduct of the Consultant, its employees, and/or authorized subcontractors, and/or whenever any claim, action, complaint or suit asserts liability against the City, its elected officials, officers, agents and employees based upon the work performed by the Consultant, its employees, and/or authorized subcontractors under this Agreement, whether or not the Consultant, its employees, and/or authorized subcontractors are specifically named or otherwise asserted to be liable.  Notwithstanding the foregoing, the Consultant shall not be liable for the defense or indemnification of the City for claims, actions, complaints or suits arising out of the sole active negligence or willful misconduct of the City. This provision shall supersede and replace all other indemnity provisions contained either in the City's specifications or Consultant's Proposal, which shall be of no force and effect.

  6.9. <u>Independent Contractor</u>.  Consultant is and shall be acting at all times as an independent contractor and not as an employee of City. Consultant shall have no power to incur any debt, obligation, or liability on behalf of City or otherwise act on behalf of City as an agent.

Neither City nor any of its agents shall have control over the conduct of Consultant or any of Consultant's employees, except as set forth in this Agreement. Consultant shall not, at any time, or in any manner, represent that it or any of its agents or employees are in any manner agents or employees of City. Consultant shall secure, at its sole expense, and be responsible for any and all payment of Income Tax, Social Security, State Disability Insurance Compensation, Unemployment Compensation, and other payroll deductions for Consultant and its officers, agents, and employees, and all business licenses, if any are required, in connection with the services to be performed hereunder. Consultant shall indemnify and hold City harmless from any and all taxes, assessments, penalties, and interest asserted against City by reason of the independent contractor relationship created by this Agreement. Consultant further agrees to indemnify and hold City harmless from any failure of Consultant to comply with the applicable worker's compensation laws. City shall have the right to offset against the amount of any fees due to Consultant under this Agreement any amount due to City from Consultant as a result of Consultant's failure to promptly pay to City any reimbursement or indemnification arising under this paragraph.

6.10 <u>Conflicts with Independent Contractor</u>. Contractor/consultant's duties and services under this Agreement shall not include preparing or assisting the public entity with any portion of the public entity's preparation of a request for proposals, request for qualifications, or any other solicitation regarding a subsequent or additional contract with the public entity. The public entity entering into this Agreement shall at all times retain responsibility for public contracting, including with respect to any subsequent phase of this project. Contractor/consultant's participation in the planning, discussions, or drawing of project plans or specifications shall be limited to conceptual, preliminary, or initial plans or specifications. Contractor/consultant shall cooperate with the public entity to ensure that all bidders for a subsequent contract on any subsequent phase of this project have access to the same information, including all conceptual, preliminary, or initial plans or specifications prepared by contractor pursuant to this Agreement.

6.11. <u>PERS Eligibility Indemnification</u>. In the event that Consultant or any employee, agent, or subcontractor of Consultant providing services under this Agreement claims or is determined by a court of competent jurisdiction or the California Public Employees Retirement System (PERS) to be eligible for enrollment in PERS as an employee of the City, Consultant shall indemnify, defend, and hold harmless City for the payment of any employee and/or employer contributions for PERS benefits on behalf of Consultant or its employees, agents, or subcontractors, as well as for the payment of any penalties and interest on such contributions, which would otherwise be the responsibility of City.

Notwithstanding any other agency, state or federal policy, rule, regulation, law or ordinance to the contrary, Consultant and any of its employees, agents, and subcontractors providing service under this Agreement shall not qualify for or become entitled to, and hereby agree to waive any claims to, any compensation, benefit, or any incident of employment by City, including but not limited to eligibility to enroll in PERS as an employee of City and entitlement to any contribution to be paid by City for employer contribution and/or employee contributions for PERS benefits.

6.12. <u>Cooperation</u>.  In the event any claim or action is brought against City relating to Consultant's performance or services rendered under this Agreement, Consultant shall render any reasonable assistance and cooperation which City might require.

6.13. <u>Ownership of Documents</u>.  All findings, reports, documents, information and data including, but not limited to, computer tapes or discs, files and tapes furnished or prepared by Consultant for City or any of its subcontractors in the course of performance of this Agreement, shall be and remain the sole property of City. Consultant agrees that any such documents or information shall not be made available to any individual or organization without the prior consent of City. Any use of such documents for other projects not contemplated by this Agreement, and any use of incomplete documents, shall be at the sole risk of City and without liability or legal exposure to Consultant. City shall indemnify and hold harmless Consultant from all claims, damages, losses, and expenses, including attorneys' fees, arising out of or resulting from City's use of such documents for other projects not contemplated by this Agreement or use of incomplete documents furnished by Consultant.

6.14. <u>Public Records Act Disclosure</u>.  Consultant has been advised and is aware that this Agreement and all reports, documents, information and data, including, but not limited to, computer tapes, discs or files furnished or prepared by Consultant, or any of its subcontractors, pursuant to this Agreement and provided to City may be subject to public disclosure as required by the California Public Records Act (California Government Code section 6250 *et seq*.).  Exceptions to public disclosure may be those documents or information that qualify as trade secrets, as that term is defined in the California Government Code section 6254.7, and of which Consultant informs City of such trade secret. The City will endeavor to maintain as confidential all information obtained by it that is designated as a trade secret. The City shall not, in any way, be liable or responsible for the disclosure of any trade secret including, without limitation, those records so marked if disclosure is deemed to be required by law or by order of the Court.

6.15. <u>Conflict of Interest</u>.  Consultant and its officers, employees, associates and subconsultants, if any, will comply with all conflict of interest statutes of the State of California applicable to Consultant's services under this agreement, including, but not limited to, the Political Reform Act (Government Code sections 81000, *et seq*.) and Government Code section 1090.  During the term of this Agreement, Consultant and its officers, employees, associates and subconsultants shall not, without the prior written approval of the City Representative, perform work for another person or entity for whom Consultant is not currently performing work that would require Consultant or one of its officers, employees, associates or subconsultants to abstain from a decision under this Agreement pursuant to a conflict of interest statute.

6.16. <u>Responsibility for Errors</u>.  Consultant shall be responsible for its work and results under this Agreement. Consultant, when requested, shall furnish clarification and/or explanation as may be required by the City's representative, regarding any services rendered under this Agreement at no additional cost to City. In the event that an error or omission attributable to

Consultant occurs, then Consultant shall, at no cost to City, provide all necessary design drawings, estimates and other Consultant professional services necessary to rectify and correct the matter to the sole satisfaction of City and to participate in any meeting required with regard to the correction.

6.17. <u>Prohibited Employment</u>. Consultant will not employ any regular employee of City while this Agreement is in effect.

6.18. <u>Order of Precedence</u>. In the event of an inconsistency in this Agreement and any of the attached Exhibits, the terms set forth in this Agreement shall prevail. If, and to the extent this Agreement incorporates by reference any provision of any document, such provision shall be deemed a part of this Agreement. Nevertheless, if there is any conflict among the terms and conditions of this Agreement and those of any such provision or provisions so incorporated by reference, this Agreement shall govern over the document referenced.

6.19. <u>Costs</u>. Each party shall bear its own costs and fees incurred in the preparation and negotiation of this Agreement and in the performance of its obligations hereunder except as expressly provided herein.

6.20. <u>Binding Effect</u>. This Agreement binds and benefits the parties and their respective permitted successors and assigns.

6.21. <u>No Third-Party Beneficiary Rights</u>. This Agreement is entered into for the sole benefit of City and Consultant and no other parties are intended to be direct or incidental beneficiaries of this Agreement and no third party shall have any right in, under or to this Agreement.

6.22. <u>Headings</u>. Paragraphs and subparagraph headings contained in this Agreement are included solely for convenience and are not intended to modify, explain or to be a full or accurate description of the content thereof and shall not in any way affect the meaning or interpretation of this Agreement.

6.23. <u>Construction</u>. The parties have participated jointly in the negotiation and drafting of this Agreement and have had an adequate opportunity to review each and every provision of the Agreement and submit the same to counsel or other consultants for review and comment. In

the event an ambiguity or question of intent or interpretation arises with respect to this Agreement, this Agreement shall be construed as if drafted jointly by the parties and in accordance with its fair meaning. There shall be no presumption or burden of proof favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Agreement.

6.24. <u>Amendments</u>. Only a writing executed by the parties hereto or their respective successors and assigns may amend this Agreement.

6.25. <u>Waiver</u>. The delay or failure of either party at any time to require performance or compliance by the other of any of its obligations or agreements shall in no way be deemed a waiver of those rights to require such performance or compliance. No waiver of any provision of this Agreement shall be effective unless in writing and signed by a duly authorized representative of the party against whom enforcement of a waiver is sought. The waiver of any right or remedy in respect to any occurrence or event shall not be deemed a waiver of any right or remedy in respect to any other occurrence or event, nor shall any waiver constitute a continuing waiver.

6.26. <u>Severability</u>. If any provision of this Agreement is determined by a court of competent jurisdiction to be unenforceable in any circumstance, such determination shall not affect the validity or enforceability of the remaining terms and provisions hereof or of the offending provision in any other circumstance. Notwithstanding the foregoing, if the value of this Agreement, based upon the substantial benefit of the bargain for any party, is materially impaired, which determination made by the presiding court or arbitrator of competent jurisdiction shall be binding, then both parties agree to substitute such provision(s) through good faith negotiations.

6.27. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original. All counterparts shall be construed together and shall constitute one agreement.

6.28. <u>Corporate Authority</u>. The persons executing this Agreement on behalf of the parties hereto warrant that they are duly authorized to execute this Agreement on behalf of said parties and that by doing so the parties hereto are formally bound to the provisions of this Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed by and through their respective authorized officers, as of the date first above written.

**CONSULTANT**

_____          Date: 5/9/24  _____
Signature

Ali Zandi

_____
Ali Zandi, PsyD, MFT


**CITY OF LA VERNE**

_____          Date: 5/13/2024  _____
Ken Domer, City Manager

ATTEST:

_____                   5/13/2024
Debra Fritz, Deputy City Clerk

APPROVED AS TO FORM:

Kimberly Hall Barlow, La Verne City Attorney   Date: 5/9/2024  _____
Kimberly Hall Barlow
City Attorney


# EXHIBIT A

## SCOPE OF SERVICES

City will, from time to time refer CCW applicants to Consultant, to thereby allow the CCW applicant to directly contract with Consultant, to thereby allow Consultant to do the following:

Administer psychological assessments that meet the standards set forth by the California Department of Justice.
Conduct in-depth personal interviews with each applicant to assess their mental stability, stress tolerance, and fitness for carrying a concealed weapon.
Provide comprehensive evaluation reports to the La Verne Police Department (LVPD), including recommendations regarding the applicant's psychological fitness for obtaining a CCW permit.

DocuSign Envelope ID: ED41998B-44C6-4628-951A-4CA6A4C3BBC6

Ensure confidentiality and privacy in the evaluation process in compliance with applicable laws and regulations.