C. D. Michel – SBN 144258
cmichel@michellawyers.com
Joshua Robert Dale – SBN 209942
jdale@michellawyers.com
Konstadinos T. Moros – SBN 306610
kmoros@michellawyers.com
Alexander A. Frank – SBN 311718
afrank@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444

Donald Kilmer-SBN 179986
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Road
Caldwell, Idaho 83607
Telephone: (408) 264-8489
Email: Don@DKLawOffice.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; et al.,<br><br>           Defendants. | Case No.: 2:23-cv-10169-SPG (ADSx)<br><br>**JOINT FED. R. CIV. P. 26(f) REPORT FOR MANDATORY SCHEDULING CONFERENCE OF NOVEMBER 27, 2024**<br><br>**Judge:** Hon. Sherilyn Peace Garnett<br>**Complaint filed**: December 4, 2023<br>**Responsive pleadings filed:** October 15, 2024, October 28, 2024[1]<br>**Proposed Trial Date:** November 17, 2025 |

---

[1] Specifically, Defendants La Verne Police Department and La Verne Chief of Police Samuel Gonzalez (collectively "La Verne Defendants") filed an answer on October 15, 2024; Attorney General Robert Bonta ("Defendant Bonta") filed an answer on October 28, 2024; and Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna (collectively "Los Angeles Defendants") filed a motion to dismiss on October 28, 2024.

Under Federal Rule of Civil Procedure 26(f), as well as this Court's Order of October 29, 2024 (ECF No. 62) the Parties submit the following Joint Rule 26(f) Report after the conference of counsel held on November 4, 2024:

**(1)     Statement of the Case**

Plaintiffs have filed suit under 42 U.S.C. §§ 1983 & 1988 on behalf of themselves and members of the associational plaintiffs. They contend that a number of laws, policies, and practices of the named Defendants in the issuance of concealed handgun licenses ("CCW Permits") are unconstitutional under the Second and Fourteenth Amendments. Specifically, they contend that: 1) Los Angeles Defendants have failed to timely process carry permit applications, 2) the La Verne Defendants are charging grossly excessive fees to process permit applications and satisfy various permit requirements, 3) both the Los Angeles Defendants and the La Verne Defendants use highly subjective suitability criteria in evaluating and sometimes denying applicants, and 4) the Attorney General has refused to honor permits issued by other states and/or accept applications for permits from non-residents. These practices and policies, some of which are enabled by state law, violate the Second and Fourteenth Amendments.

Defendant Bonta denies that any of the statutes setting forth California's CCW permitting scheme are facially unconstitutional.

At the outset, Los Angeles Defendants have moved to dismiss in part Plaintiffs' first amended and supplemental complaint because of various deficiencies—including naming Los Angeles County Sheriff's Department (LASD) as a defendant; improperly pleading facial challenges; pursuing claims under California state law and for nominal damages that are constitutionally barred; and pursuing claims that are moot.  ECF No. 60. Los Angeles Defendants deny that their actions as relevant to these as-applied constitutional challenges violated the Constitution.

The La Verne Defendants deny that they are charging grossly excessive fees to process CCW permit applications and satisfy various CCW California permit requirements, and deny that they are using subjective suitability criteria in evaluating

1  CCW permit applications.

2  Plaintiffs filed a motion for preliminary injunction, which came on for hearing on
3  April 10, 2024. On August 20, 2024, the Court granted the motion in part, and denied it
4  in part, ordering the parties to meet and confer and submit a proposed order to the Court
5  as to the portions of the motion that were granted. Plaintiffs met and conferred with the
6  Los Angeles Defendants and the Attorney General's Office, and after agreeing on the
7  language of the proposed order, submitted it to this Court on September 23, 2024. That
8  proposed order has not yet been entered.

9  **(2)   Subject Matter Jurisdiction**

10  The Court has original jurisdiction of the causes of action arising under federal law
11  in this civil action pursuant to 28 U.S.C. § 1331. Plaintiffs also contend that the Court
12  also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action
13  seeks to redress the alleged deprivation, under color of the laws, statutes, ordinances,
14  regulations, customs and usages of the State of California and political subdivisions
15  thereof, of rights, privileges or immunities secured by the United States Constitution and
16  by Acts of Congress; that their claims for declaratory and injunctive relief are authorized
17  by 28 U.S.C. §§ 2201-2202; and that their claim for attorneys' fees is authorized by 42
18  U.S.C. §1988. Finally, Plaintiffs contend that the Court has jurisdiction over their Fifth
19  and Sixth Causes of Action, for declaratory and injunctive relief arising from alleged
20  violations of the California Penal Code, through its supplemental jurisdiction as stated in
21  28 U.S.C. § 1367(a). Defendants disagree as to the Fifth and Sixth Causes of Action.

22  As explained in their motion to dismiss (ECF No. 60), Los Angeles Defendants
23  contend that the Court lacks subject matter jurisdiction over Plaintiffs' claims against
24  Defendant LASD because the Department is entitled to absolute immunity under the
25  Eleventh Amendment.  The Eleventh Amendment also bars Plaintiffs' state-law claim
26  (Claim Four) and all claims for damages, including nominal damages, against Defendant
27  Sheriff Luna.  Los Angeles Defendants further contend that claims brought by individual
28  Plaintiffs Charles Messel and Brian Weimer are moot, and that organizational Plaintiffs

Gun Owners Foundation (GOF) and Gun Owners of California (GOC) lack standing to bring any claim in this action. Therefore, the Court only has jurisdiction over the individual as-applied claims of Plaintiffs Albert Medalla, Jung Yun, Erick Velasquez, and Sherwin David Partowashraf, and the remaining three organizational Plaintiffs' claims on behalf of those four individual Plaintiffs.

**(3)** **Legal Issues**

Plaintiffs believe this case is very straightforward as to its core questions, because the Court's main task will be to apply the Supreme Court's recent Second Amendment precedent in *Bruen* and *Rahimi* to the issues presented in this case (though some other issues are presented as well, such as 14th Amendment Equal Protection and Privileges and Immunities claims). In its ruling on Plaintiffs' motion for preliminary injunction, this Court demonstrated how it will examine these issues, first determining whether the Second Amendment's plain text covers the Plaintiffs' proposed course of conduct, and if so, determining whether the Defendants have presented sufficient historical support for their laws, policies, or practices. Plaintiffs have, accordingly, recently amended their complaint to bring it more in line with this Court's ruling.

Defendant Bonta agrees that the claims as to him (i.e., constitutional challenges to certain portions of California's CCW permitting scheme) are matters of law that should be able to be resolved by summary judgment, after expert discovery.

As explained in their motion to dismiss (ECF No. 60), Los Angeles Defendants contend that the Court must also determine whether Plaintiffs' constitutional challenges are facial or as-applied challenges; whether LASD is entitled to absolute immunity; whether Plaintiff Messel and Weimer's claims are moot; whether the Eleventh Amendment bars Plaintiffs' claim under the California Penal Code (Claim Four); whether Plaintiffs California Rifle & Pistol Association, Inc., The Second Amendment Foundation, and Gun Owners of America, Inc. can bring as-applied claims on behalf of non-party members; and whether Plaintiffs GOF and GOC have standing to bring any claim.

The La Verne Defendants agree that the claims as to them (i.e., constitutional challenges to certain portions of the City of La Verne's CCW permitting scheme) are matters of law that should be able to be resolved by summary judgment or adjudication, after expert discovery.

**(4)** **Parties, Evidence, etc.**

Parties:

The Parties include Plaintiffs California Rifle & Pistol Association, Incorporated, The Second Amendment Foundation, Gun Owners of America, Inc., Gun Owners Foundation, Gun Owners of California, Inc., Erick Velasquez, Sherwin David Partowashraf, Charles Messel, Brian Weimer, Jung Yun, Albert Medalla, Clarence Rigali, Keith Reeves, Cynthia Gabaldon, David Broady, and Stephen Hoover. Affiliated entities of California Rifle & Pistol Association, Incorporated are The CRPA Foundation and California Rifle & Pistol Association Political Action Committee.

Defendants include the Los Angeles County Sheriff's Department, Sheriff Robert Luna in his official capacity, La Verne Police Department, La Verne Chief of Police Samuel Gonzalez in his official capacity, and California Attorney General Robert Bonta in his official capacity.

Plaintiff's Witnesses: Besides the Plaintiffs themselves, at this time the only witnesses Plaintiffs may potentially call fall into two categories:

1. Members of the associational Plaintiffs who can further speak to some of the issues in this case. For example, in support of their arguments for a preliminary injunction against Los Angeles's long wait times for a CCW permit, Plaintiffs presented declarations from non-Plaintiff members of the associations, such as Mr. Woodrow Stalter, for whom it took nearly two years to finally be issued a CCW permit by the Los Angeles Defendants.
2. Expert witnesses, who will be presented only to rebut any expert witnesses presented by Defendants.

Plaintiffs anticipate that key documents in this case would include documents

pertaining to staffing and processing CCW permits from the Los Angeles Defendants, documents related to the actual expense of processing CCW permits for the La Verne Defendants, and documents related to the psychological exam, also from the La Verne Defendants. Plaintiffs believe most of the issues in this case are purely legal disputes, with little disagreement on the facts.

Defendants' Witnesses:

If the claims against Defendant Bonta proceed to trial, he may call expert witnesses to testify regarding the context and history of legislation, historical laws, state constitutions, historical writings, newspaper articles, scholarly works, and other documents that demonstrate the principles that underpin our nation's tradition of firearms regulation.

The witnesses that Los Angeles Defendants intend to call in this case include, but are not limited to:

1. LASD employees who participated in the processing of Plaintiffs' CCW applications.
2. Expert witnesses on the United States's historical tradition of firearms regulation.

Los Angeles Defendants anticipate that the key documents in this case would include, but are not limited to: documents concerning Plaintiffs' CCW applications; documents concerning LASD's CCW licensing program; and documents concerning the United States's historical tradition of firearm regulation and licensing.

If the claims against the La Verne Defendants proceed to trial, they may call current Chief of Police Samuel Gonzalez, former Chief of Police Colleen Flores, and Lt. Chris Dransfeldt to testify concerning the particulars of the City of La Verne's CCW permitting process, as well as an expert witness to testify regarding the reasonableness of the psychological evaluation required under the City of La Verne's CCW permitting process.

**(5) Damages**

As this is a case primarily for declaratory and injunctive relief, Plaintiffs do not seek any monetary damages, aside from attorney's fees and costs they are entitled to under 42 U.S.C. § 1988, as well as nominal damages. As it is still very early in the case, it is difficult to estimate a range those fees and costs could reach. Plaintiffs would of course prove their expenses as part of a fee motion.

As explained in their motion to dismiss (ECF No. 60), Los Angeles Defendants contend that Plaintiffs are not entitled to any damages, including nominal damages.

**(6) Insurance**

There is no insurance coverage for the claims against Defendant Bonta.

Los Angeles Defendants are currently unaware of insurance policies that are relevant or applicable to this action.

There is no insurance coverage for the claims against the La Verne Defendants.

**(7) Motions**

**Procedural Motions**: Having already amended their complaint, Plaintiffs do not anticipate any further procedural motions, except as it pertains to adding additional waiting-time Plaintiffs. It is Plaintiffs view that, even though the Los Angeles Sheriff's Department takes around two years to issue permits, additional Plaintiffs may be needed if the named Plaintiffs receive their permits (though Plaintiffs maintain that even those already-issued permits are still entitled to declaratory relief and nominal damages because their rights were violated by having to wait so long).

Defendant Bonta does not anticipate any further procedural motions.

The La Verne Defendants anticipate filing a potential motion for summary judgment or adjudication.

The Los Angeles Defendants have already filed a motion to dismiss, which Plaintiffs will oppose subject to the briefing schedule the parties agreed to via stipulation and this Court approved. (ECF No. 61.)

Los Angeles Defendants anticipate filing a reply in further support of their motion to dismiss, subject to the court-ordered briefing schedule (ECF No. 61). Los Angeles Defendants reserve the right to file any discovery motions as needed. With respect to any further proposed amendments to the Complaint, Los Angeles Defendants reserve the right to file an opposition. It is Los Angeles Defendants' position that Plaintiffs who have received CCW permits lack standing to bring any claim.

(a) **Dispositive Motions**: Given several of the issues in this case will come down to purely legal disputes, Plaintiffs anticipate filing a motion for summary judgment, or at least summary adjudication. This is most likely for the claims related to reciprocity, nonresident permitting, long waiting times, the psychological exam requirement, and high fees. The claims related to the permit denials of Plaintiffs Velasquez and Partowashraf may require trial, depending on how the evidence develops.

Defendant Bonta agrees that the claims as to him are matters of law that should be able to be resolved by summary judgment, after expert discovery.

Los Angeles Defendants anticipate filing a motion for summary judgment or partial summary judgment on Plaintiffs' claims.

The La Verne Defendants agree that the claims as to them are matters of law that should be able to be resolved by summary judgment or adjudication, after expert discovery.

**(8)** **Manual for Complex Litigation**

The Parties do not believe the Manual for Complex Litigation should be utilized in this case.

**(9)** **Discovery**

a. *Status of Discovery* – Discovery will begin now that the Parties have met and conferred as per FRCP 26(d)(1). Plaintiffs propounded document production requests in June, before discovery opened in this case. The deadline to respond to those requests is presently December 4, 2024. Los Angeles Defendants also served document production requests on November 4, 2024.

b. *Discovery Plan* -

    i. **Changes to the timing, form, or requirement to exchange initial disclosures.**

Plaintiff's Position:    No proposed changes.

Defendant's Position:    No proposed changes.

    ii. **Subjects of discovery.**

Plaintiff's Position: Plaintiffs intend to conduct discovery on: (1) the staffing and application processing practices of the Los Angeles Defendants; (2) communications related to the application denials of Plaintiffs Partowashraf and Velasquez; (3) the actual expense of processing CCW permits for the La Verne Defendants; and (4) information and documents about the psychological exam, also from the La Verne Defendants. Additionally, to the extent that Defendants rely on expert witnesses, Plaintiffs are likely to want to depose those experts. Plaintiffs do not believe this case calls for phases of discovery, nor are any other special procedures required.

Defendants' Positions:

Defendant Bonta anticipates seeking written and testimonial discovery from Plaintiffs with respect to the substance of their claims against him and their standing to pursue them. Defendant Bonta may also seek to depose Plaintiffs' expert witnesses, if any.

Los Angeles Defendants intend to conduct discovery on: (1) Plaintiffs' CCW applications; (2) communications concerning Plaintiffs' CCW applications; (3) Plaintiffs' disciplinary and criminal records; (4) Plaintiffs' firearms purchase and handling history; (5) the Temporary Restraining Order against Plaintiff Partowashraf and his alleged home invasion in 2023; (6) the theft of firearms in Plaintiff Velasquez's vehicle in 2023 and his mischarge of firearms in 2021; and (7) documents concerning the organizational Plaintiffs' creation, organizational structure and purpose, and membership. Los Angeles Defendants intend to depose Plaintiffs and Plaintiffs' witnesses, including any expert witnesses.

The La Verne Defendants anticipate seeking written and testimonial discovery from Plaintiffs with respect to the substance of their claims against them and the Plaintiffs' standing to pursue their claims against the La Verne Defendants. The La Verne Defendants may also seek to depose Plaintiffs' expert witnesses, if any.

c. *Discovery Cut-Off* – Especially given that this case involves (in part) long wait times, Plaintiffs are eager to complete discovery quickly, and accordingly propose a fact discovery cutoff date of April 30, 2025. Defendant Bonta and the Los Angeles Defendants do not oppose a fact discovery cutoff date of April 30.

The La Verne Defendants propose a fact discovery cutoff date of June 30, 2025.

d. *Expert Discovery* – The Parties, excepting the La Verne Defendants, propose an initial expert disclosure deadline of April 14, 2025, with rebuttal disclosures due May 12, 2025. The expert discovery cutoff would be May 30, 2025, so that the Parties have time to depose experts if they desire to do so.

The La Verne Defendants propose adding 60 days to the other Parties' proposed timeline for expert discovery.

e. *Settlement Conference/ADR* – As this case concerns constitutional questions, Plaintiffs' view is that a settlement conference is not likely to be successful. Nevertheless, they are willing to participate in a settlement conference with a Magistrate Judge.

Defendant Bonta's view is that the challenged provisions are constitutional and duly enacted. Given the Attorney General's sworn duty to uphold the laws of the State, the Attorney General cannot excuse Plaintiffs from compliance with or application of the challenged provisions, or otherwise refuse to enforce the challenged provisions. Cal. Const., art. III, § 3.5. Thus, neither further discussion nor mediation will produce a settlement of the claims against the Attorney General in this case.

The La Verne Defendants agree that they cannot excuse Plaintiffs from compliance with the challenged provisions of the City of La Verne's CCW permit application requirements as they are based on California's CCW permit laws, and a mediation or

settlement conference seeking to excuse Plaintiffs from compliance would likely not be fruitful. However, should the Court require that the parties participate in ADR, the La Verne Defendants believe that either a Magistrate Judge or a panel mediator should be selected.

Los Angeles Defendants are willing to participate in a settlement conference with a Magistrate Judge.

f. *Trial* – The Parties anticipate that a 3–4-day trial should be sufficient, and a court trial will be appropriate. The Parties do not consent to trial before a magistrate judge.

For the Plaintiffs, Joshua Robert Dale will be lead trial counsel, with Konstadinos Moros, Alexander Frank, and Don Kilmer assisting.

For Defendant Bonta, Nicolas Green will be lead trial counsel.

For Los Angeles Defendants, Mark Selwyn will be lead trial counsel.

For the La Verne Defendants, Bruce A. Lindsay will be lead trial counsel, with Monica Choi Arredondo assisting.

g. *Independent Expert or Master* – The Parties do not believe an independent expert or master is necessary in this case.

h. *Other Issues* – For the Plaintiffs, the only other concern is that waiting time Plaintiffs could receive their CCW permits in the interim period after which the pleadings may no longer be amended, but trial has not yet occurred. If that happens, Plaintiffs will have no choice but to ask the Court for leave to amend, and to set an expedited discovery schedule to the extent the Los Angeles Defendants wish to probe the new plaintiffs' standing. To be sure, it is Plaintiffs' position that even when finally issued a CCW permit, the waiting-time Plaintiffs still have standing for declaratory relief and nominal damages. But to the extent the Los Angeles Defendants argue that they no longer have standing and this Court agrees, new plaintiffs would be necessary.

While the Los Angeles Defendants disagree with the positions set forth in this paragraph, they would evaluate any motion for leave to amend and for expedited discovery at the appropriate time.

11
JOINT FED. R. CIV. P. 26(f) REPORT
2:23-cv-10169-SPG

The La Verne Defendants do not believe that other issues exist at this time for consideration of the Court.

Respectfully submitted,

Dated: November 13, 2024        **MICHEL & ASSOCIATES, P.C.**

　　　　　　　　　　　　　　　　　*/s/ Konstadinos Moros*
　　　　　　　　　　　　　　　　Konstadinos T. Moros
　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

Dated: November 13, 2024        ROB BONTA
　　　　　　　　　　　　　　　　Attorney General of California
　　　　　　　　　　　　　　　　MARK R. BECKINGTON
　　　　　　　　　　　　　　　　Supervising Deputy Attorney General
　　　　　　　　　　　　　　　　NICOLAS R. GREEN
　　　　　　　　　　　　　　　　Deputy Attorney General

　　　　　　　　　　　　　　　　*/s/ Christina Lopez*

　　　　　　　　　　　　　　　　CHRISTINA R.B. LÓPEZ
　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　*Attorneys for Defendant Robert Bonta*

Dated: November 13, 2024        **WILMER CUTLER PICKERING HALE AND DORR LLP**

　　　　　　　　　　　　　　　　*/s/ Ryan Chabot*

　　　　　　　　　　　　　　　　RYAN CHABOT
　　　　　　　　　　　　　　　　*Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna*

/ / /

/ / /

/ / /

| | |
|---|---|
| Dated: November 13, 2024 | **JONES MAYER** |
| | /s/ Bruce Linday |
| | BRUCE A. LINDSAY |
| | MONICA CHOI ARREDONDO |
| | *Attorneys for Defendants La Verne Police Department and La Verne Chief of Police Colleen Flores* |

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**CERTIFICATE OF SERVICE**
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case Name: *California Rifle and Pistol Association, et al., v. Los Angeles County Sheriff's Dept., et al.*

Case No.:   2:23-cv-10169-SPG (ADSx)

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 East Ocean Boulevard, Suite 200, Long Beach, California 90802.

I am not a party to the above-entitled action. I have caused service of:

**JOINT FED. R. CIV. P. 26(f) REPORT FOR MANDATORY SCHEDULING CONFERENCE OF NOVEMBER 27, 2024**

on the following parties, as follows:

See attached Service List.

by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 13, 2024.

_____
Laura Palmerin

---

CERTIFICATE OF SERVICE

2:23-cv-10169-SPG

## SERVICE LIST

Mark R Beckington
Jane E. Reilley
jane.reilley@doj.ca.gov
Christina R.B. Lopez,
christina.lopez@doj.ca.gov
California Department of Justice
Office of the Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230

Nicholas R. Green
nicholas.green@doj.ca.gov
Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

   *Attorneys for Defendant Rob Bonta*

Mark Selwyn
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Road
Palo Alto, CA 94306

Alan Schoenfeld
alan.schoenfeld@wilmerhale.com
Noah Levine
noah.levine@wilmerhale.com
Ryan Chabot
ryan.chabot@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Joshua A. Vittor
joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grande Ave., Suite 2400
Los Angeles, CA 90071

   *Attorneys for Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna*

Bruce A. Lindsay
bal@jones-mayer.com
Monica Choi Arredondo
mca@jones-mayer.com
JONES MAYER
3777 N. Harbor Blvd.
Fullerton, CA 92835

   *Attorneys for Defendants La Verne Police Department and La Verne Chief of Police Colleen Flores*