MARK SELWYN (CA Bar No. 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Road
Palo Alto, California 94306
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

*Attorneys for Defendants Los Angeles County
Sheriff's Department and Sheriff Robert Luna*

*(additional counsel listed below)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; ERICK VELASQUEZ, an individual; SHERWIN DAVID PARTOWASHRAF, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; JUNG YUN, an individual; ALBERT MEDALLA, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual, CYNTHIA GABALDON, an individual; DAVID BROADY, an individual; and STEPHEN HOOVER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10, <br><br> Defendants. | Case No. 2:23-cv-10169-SPG-ADS <br><br> **DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT AND SHERIFF ROBERT LUNA'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED AND SUPPLEMENTAL COMPLAINT** <br><br> Judge:          Hon. Sherilyn Peace Garnett <br> Hearing Date:  January 22, 2025 <br> Hearing Time:  1:30 p.m. <br> Courtroom:     5C |

ALAN SCHOENFELD
alan.schoenfeld@wilmerhale.com
NOAH LEVINE
noah.levine@wilmerhale.com
RYAN CHABOT (*pro hac vice*)
ryan.chabot@wilmerhale.com
TODD CLAYTON (*pro hac vice forthcoming*)
todd.clayton@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

JOSHUA A. VITTOR
(CA Bar No. 326221)
Joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone:  (213) 443-5375
Facsimile:  (213) 443-5475

*Attorneys for Defendants Los Angeles County
Sheriff's Department and Sheriff Robert Luna*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................1

ARGUMENT ......................................................................................................1

I.    The Court Should Enter An Order On The Issues Plaintiffs Concede ............1

II.   Plaintiffs Can Only Seek As-Applied Relief For The Individual Named Plaintiffs On Their Delay Claims .....................................................3

III.  LASD And Sheriff Luna Are State Actors ......................................................5

IV.   Plaintiffs' State-Law Claim (Claim Four) Should Be Dismissed ..................8

V.    Messel's And Weimer's Claims Are Moot .....................................................9

CONCLUSION ...............................................................................................13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Association of Christian Schools Int'l v. Stearns*,
  678 F. Supp. 2d 980 (C.D. Cal. 2008),
  *aff'd*, 362 F. App'x 640 (9th Cir. 2010) ............................................................4

*Birdt v. San Bernardino Sheriffs Department*,
  2016 WL 8735630 (C.D. Cal. Aug. 8, 2016), *report & recommendation
  adopted*, 2016 WL 8738129 (C.D. Cal. Sept. 9, 2016) ...............................5, 6, 7

*Brach v. Newsom*,
  38 F.4th 6 (9th Cir. 2022) ..............................................................................12

*Crowe v. Oregon State Bar*,
  112 F.4th 1218 (9th Cir. 2024) .........................................................................6

*Federal Bureau of Investigation v. Fikre*,
  601 U.S. 234 (2024)...................................................................................10, 11

*Gill v. Whitford*,
  585 U.S. 48 (2018)...........................................................................................3

*Hunt v. Washington State Apple Advertising Commission*,
  432 U.S. 333 (1977).........................................................................................4

*Hyowon Electronics, Inc. v. Erom, Inc.*,
  2014 WL 12560693 (C.D. Cal. May 15, 2014) ....................................................9

*Kohn v. State Bar of California*,
  87 F.4th 1021 (9th Cir. 2023) ...........................................................................6

*Lund v. Cowan*,
  5 F.4th 964 (9th Cir. 2021) .............................................................................11

*Martinez v. Wilson*,
  32 F.3d 1415 (9th Cir. 1994) ..........................................................................12

*Mayfield v. Dalton*,
  109 F.3d 1423 (9th Cir. 1997) ........................................................................11

ii

*McMillian v. Monroe County*,
    520 U.S. 781 (1997).................................................................................7

*MetroPCS California, LLC v. Picker*,
    970 F.3d 1106 (9th Cir. 2020) .............................................................10

*Mitchell v. Los Angeles Community College District*,
    861 F.2d 198 (9th Cir. 1988) ..................................................................6

*New Hampshire Motor Transport Ass'n v. Rowe*,
    448 F.3d 66 (1st Cir. 2006), *aff'd*, 552 U.S. 364 (2008) ......................4

*Nordstrom v. Dean*,
    2016 WL 10933077 (C.D. Cal. Jan. 8, 2016),
    *aff'd*, 700 F. App'x 764 (9th Cir. 2017) ...........................................5, 7

*Pennhurst State School & Hospital v. Halderman*,
    465 U.S. 89 (1984)...................................................................................8

*Protectmarriage.com-Yes on 8 v. Bowen*,
    752 F.3d 827 (9th Cir. 2014) ................................................................12

*Reel v. City of El Centro*,
    2023 WL 1822840 (S.D. Cal. Feb. 8, 2023)..........................................9

*Samaan v. County of Sacramento*,
    2018 WL 4908171 (E.D. Cal. Oct. 10, 2018)......................................5, 7

*Scocca v. Smith*,
    912 F. Supp. 2d 875 (N.D. Cal. 2012) ...............................................5, 7

*Sheppard v. Fantasia Trading LLC*,
    731 F. Supp. 3d 1152 (C.D. Cal. 2024) ..............................................2, 8

*Shilling v. County of San Diego*,
    2024 WL 4611448 (S.D. Cal. Oct. 29, 2024).....................................5, 7

*Streit v. County of Los Angeles*,
    236 F.3d 552 (9th Cir. 2001) ..................................................................6

*Wallingford v. Bonta*,
    82 F.4th 797 (9th Cir. 2023) ..................................................11, 12, 13

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

**Statutes and Codes**

Cal. Gov't Code § 815.6 ........................................................................8, 9

Cal. Gov't Code § 818.4 ...........................................................................9

Cal. Penal Code § 26205 .......................................................................8, 9

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

**INTRODUCTION**

LASD and Sheriff Luna's motion to dismiss would substantially narrow this case and should be granted. Plaintiffs do not contest several grounds for the motion, so the Court should at least enter an order granting it to that extent. Plaintiffs contest that the relief they can obtain is limited to the named Plaintiffs only, that LASD and Sheriff Luna are state actors, and that Weimer's and Messel's claims should be dismissed as moot, but they are mistaken. The Court should grant the motion on those grounds too. What would remain after dismissal of those claims is the actual, narrow controversy at issue: the constitutionality of the denial of Velasquez's and Partowashraf's CCW applications and of the timing of the processing of Medalla's and Yun's applications, against Sheriff Luna in his official capacity. Those claims alone should proceed into discovery and resolution on the merits.

**ARGUMENT**

**I.    The Court Should Enter An Order On The Issues Plaintiffs Concede**

To properly focus this litigation, Sheriff Luna and LASD filed a targeted, partial motion to dismiss. That effort has already yielded important results, with Plaintiffs making three key concessions in their opposition. *First*, Plaintiffs explicitly concede that Velasquez and Partowashraf (and the associational plaintiffs supporting them) only challenge the Los Angeles Defendnats' purported use of subjective criteria to deny their CCW applications on an as-applied basis. Opp. 18 ("The Associational Plaintiffs agree that when it comes to the as-applied challenges of Plaintiffs Velasquez and Partowashraf, there is no wider relief to be had for other members."). Thus, there is no facial subjective criteria challenge in this case. *Second*, Plaintiffs explicitly concede that associational plaintiffs CRPA, SAF, and GOA lack direct standing to sue. Opp. 18 n.14 ("The Associational Plaintiffs proceed on associational standing and have never alleged direct standing."). So CRPA, SAF, and GOA may only remain in this case to the extent they can establish

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

1  associational standing.  *Third*, Plaintiffs do not address the fact that Plaintiffs GOF
2  and GOC lack standing entirely (*compare* Mot. 18 *with* Opp.), and so concede it.
3  *See, e.g.*, *Sheppard v. Fantasia Trading LLC*, 731 F. Supp. 3d 1152, 1164 (C.D. Cal.
4  2024) ("Because Plaintiffs fail to address this argument, they concede it.").

5      It is therefore undisputed that LASD and Sheriff Luna's motion should be
6  granted as to these conceded issues.  The Court should accordingly issue an order
7  that (1) limits relief, if any, on Plaintiffs' subjective criteria allegations to Velasquez
8  and Partowashraf (Compl. 53-54); (2) limits the standing of CRPA, SAF, and GOA
9  to associational standing only and accordingly dismisses Plaintiffs' request for a
10  declaration that "the associational Plaintiffs' resources and litigation experience are
11  necessary to vindicate the Second Amendment rights of individual Plaintiffs who
12  lack the means and capacity to challenge the constitutionality of the practices of
13  LASD and the Sheriff," which is only relevant to the associational Plaintiffs' direct
14  standing (Compl. 54); and (3) dismisses GOF and GOC from the case for lack of
15  standing.[1]

16
17
18
19
_____

20  [1]     The Los Angeles Defendants disagree that Plaintiffs have sufficiently pleaded
21  LASD had a "policy or practice" of taking "two years or more to process CCW
   permit applications" (Opp. 3), not least because Plaintiffs' Complaint includes
22  allegations that it was Sheriff Luna and LASD's policy *not* to delay (Mot. 10-13).
   As the Los Angeles Defendants' preliminary injunction filings underscored,
23  LASD's existing CCW application backlog is a result of *Bruen*, not a policy or
24  practice of delay.  In the *Bruen* decision's wake, LASD has implemented numerous
   changes to its application processing system to improve processing times—the
25  opposite of an official policy to delay.  ECF No. 27 at 3-4.  Nonetheless, LASD and
26  Sheriff Luna will reserve this issue for summary judgment, with the benefit of
27  discovery, and so withdraw their motion to dismiss on this basis.

28
                                2
        LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
   *Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

## II.    Plaintiffs Can Only Seek As-Applied Relief For The Individual Named Plaintiffs On Their Delay Claims

Plaintiffs can seek relief only for the individual named Plaintiffs on their delay claims—and not, as they assert, for every CCW applicant or for every member of the associational Plaintiffs.  The Court should limit their available relief accordingly.

In their Complaint, Plaintiffs seek relief for *every* CCW applicant.  They request a declaration "that LASD taking over 120 days to process permits"—of any applicant—"violates the constitutional right to carry" (Compl. at 53) and an order enjoining the Los Angeles Defendants "from refusing to process or issue a CCW Permit to *any* qualified applicant 120 days after submission of such applicant's initial application for a new license or a license renewal, or 30 days after receipt of the applicant's criminal background check from the Department of Justice, whichever is later."  Compl. at 54 (emphasis added).  Plaintiffs cannot obtain relief for all the world.  Neither their Complaint nor their Opposition shows otherwise.  The putative claims of "any applicant," let alone *every* applicant, are not before the Court.  If any applicant who is neither a named Plaintiff nor an associational Plaintiff's member has allegedly experienced a delay, the Plaintiffs here have not even arguably been injured by it.

A "plaintiff's remedy must be tailored to redress the plaintiff's particular injury," *Gill v. Whitford*, 585 U.S. 48, 73 (2018), but Plaintiffs' remedy here is not. A declaration and injunction limited to the individual named Plaintiffs and—at most—the associational Plaintiffs' members would redress Plaintiffs' alleged injuries entirely.  That, therefore, is all they can seek.  Plaintiffs seem to acknowledge as much in their Opposition.  Opp. 19-20.  The Court should, at minimum, enter an order limiting Plaintiffs' available relief to the individual Plaintiffs and the associational Plaintiffs' members.

Plaintiffs also, however, cannot seek relief for members of the associational Plaintiffs who are not individual named Plaintiffs in this litigation. As the Los Angeles Defendants explained in their motion, to pursue claims and relief for absent members, the associational Plaintiffs must show that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977); *see also* Mot. 17 (collecting cases). They cannot. The associational Plaintiffs' claim is that it is unconstitutional to take over 120 days to process CCW applications and their requested relief is a decision within that time period. But CCW applications—and processing them within 120 days—require individual participation. The parties' agreed-upon proposed preliminary injunction order, outlining how both the Los Angeles Defendants and Plaintiff Weimer must participate in the relief the Court granted, proves that "the relief requested requires the participation of individual members in the lawsuit." *Hunt*, 432 U.S. at 343; *see also Ass'n of Christian Schs. Int'l v. Stearns*, 678 F. Supp. 2d 980, 986 (C.D. Cal. 2008) (no associational standing where Plaintiffs sought declaratory relief on as-applied claims), *aff'd*, 362 F. App'x 640 (9th Cir. 2010); *New Hampshire Motor Transport Ass'n v. Rowe*, 448 F.3d 66, 72 (1st Cir. 2006) (injunctive relief will not satisfy prong three where it requires "sufficiently fact-intensive inquiry"), *aff'd*, 552 U.S. 364 (2008).

An application that is incomplete, or an applicant who does not timely complete the steps required of them, might not be processed within 120 days for reasons not arguably unconstitutional. CRPA cannot represent the claims of fictional member John Doe who submits a half-filled application lacking key documents and fails to cure the defects. This is precisely the kind of claim where representational standing is unavailable—where proving the allegedly uniform fact (not processed within 120 days) does not prove a constitutional violation. Individual, particular facts are required. This is not "cynical" (Opp. 6), but a

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

necessary fact of federal court litigation and the constitutional limits on jurisdiction. Plaintiffs have not brought a mass action or a putative class action, but an individual action; this lawsuit is simply not the mechanism to obtain relief for anyone but the parties to it.

That said, there is no dispute that Medalla and Yun have standing to bring suit on behalf of themselves, and that the organizations of which they are members can represent their interests in this lawsuit as well. The parties agree that Plaintiffs' request for declaratory and injunctive relief for those individuals can proceed.

## III.    LASD And Sheriff Luna Are State Actors

Every court to have considered whether California Sheriffs' Departments are state actors in the context of the CCW licensing regime has concluded they are. *See Shilling v. County of San Diego*, 2024 WL 4611448, at *3 (S.D. Cal. Oct. 29, 2024) ("As the State retains significant oversight over CCW licensing, Defendant Martinez, like the Sheriff in *Scocca*, represented the State of California, not the County of San Diego, when she revoked Plaintiff's CCW license."); *Samaan v. County of Sacramento*, 2018 WL 4908171, at *5-6 (E.D. Cal. Oct. 10, 2018) ("The County contends that Sheriff Jones acts as an agent of the state, not the County, when he grants, denies, or revokes a CCW permit; therefore the County is not a 'person' under 42 U.S.C. § 1983. … The court agrees."); *Birdt v. San Bernardino Sheriffs Dep't*, 2016 WL 8735630, at *2 (C.D. Cal. Aug. 8, 2016) ("The Sheriff's Department acts on a statewide, not countywide, basis in administering concealed weapon permits under California's statutory scheme."), *report & recommendation adopted*, 2016 WL 8738129 (C.D. Cal. Sept. 9, 2016); *Nordstrom v. Dean*, 2016 WL 10933077, at *9-10 (C.D. Cal. Jan. 8, 2016) ("[I]n acting as a CCW licensing authority, the Sheriff acted as a representative of the State, and is accordingly immune from a claim for damages in his official capacity."), *aff'd*, 700 F. App'x 764 (9th Cir. 2017); *Scocca v. Smith*, 912 F. Supp. 2d 875, 882-884 (N.D. Cal. 2012)

5

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

("[T]he Court agrees with Defendants that Santa Clara County is not an appropriate defendant in this action because Sheriff Smith, when making her decisions on granting or denying CCW licenses, acts as a representative of the state of California, and not of the County."). "As such, the Eleventh Amendment bars suits against [LASD] for all types of relief and Sheriff [Luna] in his official capacity for monetary damages." *Birdt*, 2016 WL 8735630, at *2.

Plaintiffs do not identify a single case that says otherwise. Instead, they argue that LASD and Sheriff Luna are not an arm of the State under a five-factor test first articulated in *Mitchell v. Los Angeles Community College District*, 861 F.2d 198 (9th Cir. 1988), and, as Plaintiffs point out, quoted in *Streit v. County of Los Angeles*, 236 F.3d 552, 556-567 (9th Cir. 2001). Opp. 8-10. Plaintiffs fault the many decisions cited above for failing to apply this test. Opp. 9. It is Plaintiffs who are mistaken. Last year, the en banc Ninth Circuit overruled *Mitchell* and rejected its test in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023), in favor of a three-factor test from the D.C. Circuit. *Id.* at 1030; *see also Crowe v. Oregon State Bar*, 112 F.4th 1218, 1228 (9th Cir. 2024) (recognizing *Mitchell*'s abrogation). As the court in *Kohn* explained, "the *Mitchell* factors are not only inconsistent with Supreme Court arm of the state doctrine—they also generate a muddled arm of the state analysis within our Circuit." 87 F.4th at 1028. Since Plaintiffs have forfeited an argument that LASD is not a state actor under *Kohn*, the Court need not further resolve how *Kohn* applies to LASD. The Court can simply conclude that Plaintiffs' only argument against the long series of cases holding that Sheriffs' Departments are state actors for CCW purposes—their citation to the overruled *Mitchell*—is unavailing, and so that line of cases applies.

In any event, the analysis in the decisions finding LASD to be a state actor when issuing CCW licenses is consistent with the *Kohn* test. Under the new three-factor test, the Ninth Circuit looks to "(1) the State's intent as to the status of the

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

entity, including the functions performed by the entity; (2) the State's control over the entity; and (3) the entity's overall effects on the state treasury." 87 F.4th at 1030, 1041. In *Scocca v. Smith*, for example, the court conducted a close review of the provisions of California's penal code that detail the State's CCW licensing regime, focusing especially on the control that the State exercised over the program. As it explained, the "provisions do not suggest that the county board of supervisors or other county administrator (other than the sheriff) exercises control or oversight over CCW licensing. … Rather, the relevant code provisions in the case at bar clearly delineate a role for the state with respect to administration and oversight." 912 F. Supp. 2d at 882-883. LASD and Sheriff Luna detailed the mechanisms of this control in their motion. *See* Mot. 7-8.

In addition to the State's ultimate control of the CCW licensing process, the *Scocca* court found persuasive "that the sheriff has the power to grant a license which conveys a right exercisable throughout the state and thus has a statewide effect." 912 F. Supp. 2d at 883. While the court did not explicitly analyze the Santa Clara Couty Sheriff's effect on the State treasury, it did, consistent with *Kohn*, mention that the treasury factor need not be dispositive. *Id.* at 882 (citing *McMillian v. Monroe County*, 520 U.S. 781, 791-792 (1997)). This analysis informed the court's conclusion that "Santa Clara County is not an appropriate defendant in this action because Sheriff Smith, when making her decisions on granting or denying CCW licenses, acts as a representative of the state of California, and not of the County." *Id.* at 884; *see also Shilling*, 2024 WL 4611448, at *3 (same); *Samaan*, 2018 WL 4908171, at *5-6 (same); *Birdt*, 2016 WL 8735630, at *2 (same); *Nordstrom*, 2016 WL 10933077, at *9-10 (same). Courts post-*Kohn* that have considered whether Sheriffs' Departments are state actors have concluded they are and extended Eleventh Amendment immunity to them. *See Shilling*, 2024 WL 4611448, at *3.

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

This Court should do the same and grant the Los Angeles Defendants' motion to dismiss.

## IV.   Plaintiffs' State-Law Claim (Claim Four) Should Be Dismissed

For two independent reasons, Plaintiffs' state-law claim for violation of California Penal Code Section 26205 should be dismissed.

*First*, the claim, which seeks to vindicate a state right against a state actor in federal court, is barred under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984). Mot. 9. That alone is reason to dismiss. On this point, Plaintiffs do not dispute, and so concede, that claim four should be dismissed if LASD and Sheriff Luna are state actors. *See Sheppard*, 734 F. Supp. 3d at 1164. Instead, they repeat their argument that LASD and Sheriff Luna are not state actors. Opp. 11-12. For the reasons discussed above (*supra* at 5-7), that argument fails.

*Second*, claim four should be dismissed because Section 26205—part of California's Penal Code—lacks a private right of action. *See* Mot. 9-10. Again, Plaintiffs do not dispute, and so concede, that nothing in Section 26205's text or legislative history proves that the legislature intended to provide a private right to enforce this provision of California's Penal Code. *Id.* In other words, Plaintiffs concede that Section 26205 itself has no private right of action. That makes sense, as Plaintiffs' counsel made the same concession at oral argument on Plaintiffs' motion for preliminary injunction. Motion for Prelim. Injunction Tr. (Apr. 10, 2024) at 9:9-12 ("Mr. Moros: I do want to clarify one point about the 120-day limit. It's not that we are, you know, saying that we can enforce that. That's a Penal Code. It's up to the Attorney General to enforce.").

Instead, Plaintiffs seek refuge in California Government Code Section 815.6, which they say supplies the private right they need to enforce Section 26205. It does not. *First*, to the extent Plaintiffs purport to bring a claim under Section 815.6, they have failed to plead it. Under Section 815.6, public entities can be liable in

8

negligence for violating certain qualifying duties.  Any claims Plaintiffs hope to bring under it must be brought as a separate cause of action for failure to perform a mandatory duty.  *See Reel v. City of El Centro*, 2023 WL 1822840, at *2 (S.D. Cal. Feb. 8, 2023) ("To state a cause of action under [Section 815.6], Plaintiff must plead that (1) [a public entity] was under a 'mandatory duty' imposed by statute (2) the enactment 'is designed to protect against the risk' of the particular injury alleged here, and (3) [the public entity] failed to discharge the duty.").  Plaintiffs' Complaint makes no mention of the provision.  Plaintiffs may not amend their pleadings through motion practice.  *See, e.g.*, *Hyowon Elecs., Inc. v. Erom, Inc.*, 2014 WL 12560693, at *3 (C.D. Cal. May 15, 2014) ("Plaintiff cannot use the opposition to the motion as a means of amending the operative pleading.").  *Second*, even if Plaintiffs had pleaded a claim under Section 815.6 (they have not), California's Government Code specifically exempts public entities from liability for injuries caused by licensing regimes.  Cal. Gov't Code § 818.4.[2]  California Penal Code Section 26205—part of the CCW licensing regime—is not the type of "enactment" that gives rise to a mandatory-duty claim.  Indeed, Plaintiffs cite no case, and the Los Angeles Defendants are aware of none, that has ever allowed a Section 815.6 claim premised on compliance with California Penal Code Section 26205 to proceed.

## V.    Messel's And Weimer's Claims Are Moot

Messel and Weimer ask this Court for a declaration that the Los Angeles Defendants' alleged CCW licensing delay "violates the constitutional right to carry" (Compl. at 53) and an injunction requiring LASD and Sheriff Luna to process their

---

[2]    "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."  Cal. Gov't Code § 818.4.

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

CCW applications within 120 days of their submission "or 30 days after receipt of the applicant's criminal background check from the Department of Justice, whichever is later" (Compl. at 54). Plaintiffs concede that Messel has already received his license. Opp. 11. Plaintiffs also concede that this Court has already granted Weimer preliminary injunctive relief that entitles him to a decision on his application on a defined timeline. *Id.*; *see also* Mot. 14.[3] While Plaintiffs say that Weimer's claims remain a live controversy until "he has a permit in hand (or alternatively, is denied, if there are grounds to deny him)" (Opp. 15), there is no additional relief that this Court could provide Weimer in satisfaction of the pleaded relief that he seeks. Because both Messel and Weimer have already received the "relief for [their] claims[s]" that they ask this Court to provide, their claims are moot. *MetroPCS Cal., LLC v. Picker*, 970 F.3d 1106, 1115-1116 (9th Cir. 2020).

Plaintiffs offer four arguments in response, but they miss the mark.

*First*, Plaintiffs say that Messel and Weimer are entitled to nominal damages, which saves their claims from mootness. Opp. 15. LASD and Sheriff Luna agree that entitlement to nominal damages can be sufficient to create a live controversy. But because LASD and Sheriff Luna are state actors (*supra* at 5-7), Messel and Weimer cannot recover nominal damages, so their claims are still moot.

*Second*, Plaintiffs say that Messel and Weimer's request for declaratory and injunctive relief "on behalf of all members of the associational Plaintiffs" precludes mootness. Opp. 16. But, again for reasons already discussed (*supra* at 3-5), Messel and Weimer lack standing to assert claims for anyone but themselves.

*Third*, Plaintiffs contend that the voluntary cessation doctrine applies. Opp. 17. Under that doctrine, "a defendant's voluntary cessation of a challenged

---

[3]      Since LASD and Sheriff Luna filed their Motion, LASD conducted its initial interview of Weimer on December 10.

10

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

practice will moot a case only if the defendant can show that the practice cannot reasonably be expected to recur." *Federal Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024) (internal quotation marks omitted).  As a threshold matter, this doctrine has no application because the Los Angeles Defendants did not voluntarily cease any action.  *See, e.g.*, *Wallingford v. Bonta*, 82 F.4th 797, 801 n.2 (9th Cir. 2023) (holding that voluntary cessation doctrine did not apply "because no party voluntarily ceased conduct that is challenged in this matter").  In Messel's case, the Los Angeles Defendants decided his application in the normal course.  And in Weimer's case, they are complying with a court order.  The doctrine therefore has no application.

But even assuming it does, the "practice" that Messel and Weimer challenged is LASD's delay in processing their CCW applications.  That processing has now occurred or is occurring (even before the Court ordered it to occur, on a prescribed timeline).  Plaintiffs' speculation that Messel and Weimer could face a similar wait time on their renewal applications in two years (Opp. 16) is too speculative to avoid mootness.  *See, e.g.*, *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("[S]peculative suppositions, far-fetched fears, or remote possibilities of recurrence cannot overcome mootness."); *Mayfield v. Dalton*, 109 F.3d 1423, 1425 (9th Cir. 1997) (same).  There is, thus, no way for LASD and Sheriff Luna to "pick up where [they] left off" (*Fikre*, 601 U.S. at 241) and reintroduce a delay to processing Messel and Weimer's applications, now that they have been or are being processed.

*Fikre*—the only case Plaintiffs cite in support—is distinguishable on this basis.  There, the plaintiff challenged his placement on the federal government's No Fly List.  After he filed suit, the government removed him from the list and sought to dismiss his case as moot.  The Supreme Court found this removal an insufficient guarantee that the issue would not recur, since the government could put him back on the list at any time.  Here, there is no analogous way for LASD and Sheriff Luna

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

to reimpose the processing delay that Messel and Weimer alleged that they faced—their applications have been or are being processed. "[W]hen there is no reasonable expectation that the alleged violation will recur, and interim relief or events have eradicated the effects of the alleged violation, the case is moot and [the Court's] jurisdiction abates." *Martinez v. Wilson*, 32 F.3d 1415, 1420 (9th Cir. 1994).

*Finally*, Plaintiffs argue that Messel and Weimer's claims are subject to the mootness exception for disputes that are capable of repetition, yet evading review. Opp. 16 n.13. The exception "is limited to extraordinary cases where '(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again.'" *Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022). This doctrine is "to be used sparingly, … 'and generally only where the named plaintiff can make a reasonable showing that *he* will again be subjected to the alleged illegality.'" *Wallingford*, 82 F.4th at 801 (emphasis added). Because of its focus on a challenged action's recurrence, the exception is analogous to the voluntary cessation doctrine and the issues often rise and fall together, *Brach*, 38 F.4th at 15, though Plaintiffs carry the burden of demonstrating that this exception applies, *Wallingford*, 82 F.4th at 801. They fail to do so.

On the first prong, courts assess whether the challenged action is of an "*inherently* limited duration"—looking not at the facts of a lawsuit, but for "classes of cases that, absent an exception, would *always* evade judicial review." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014). The paradigmatic example is a lawsuit seeking relief from a ban on abortion—which can only be obtained during the pregnancy. *Id.* Here, plaintiffs make no showing that there is anything about controversies premised on purported licensing delays that makes them inherently limited. Plaintiffs warn that a ruling for the Los Angeles Defendants on this issue will force Plaintiffs to "keep amending their complaint to

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

add 'fresh' waiting time plaintiffs." Opp. 16 n.12. But that is a consequence of Plaintiffs' litigation decision not to proceed by class or mass action, and actions do not evade review where mootness results from plaintiffs' strategy. *See Wallingford*, 82 F.4th at 801 ("[E]ven were this case capable of repetition, yet evading review, the [plaintiffs'] two-year delay in suing cuts materially against them."). On the second prong, for the reasons stated above (*supra* at 11), Messel and Weimer have failed to show that there is a reasonable expectation that they will experience processing delays in the future.

## CONCLUSION

For these reasons, Sheriff Luna and LASD respectfully request that the Court grant their motion to dismiss.

Respectfully submitted,

Dated: December 23, 2024

*/s/ Mark Selwyn*
MARK SELWYN (CA Bar No. 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Road
Palo Alto, California 94306
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

ALAN SCHOENFELD
alan.schoenfeld@wilmerhale.com
NOAH LEVINE
noah.levine@wilmerhale.com
RYAN CHABOT (*pro hac vice*)
ryan.chabot@wilmerhale.com
TODD CLAYTON
(*pro hac vice forthcoming*)
todd.clayton@wilmerhale.com

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

JOSHUA A. VITTOR
(CA Bar No. 326221)
Joshua.vittor@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone:  (213) 443-5375
Facsimile:  (213) 443-5475

*Attorneys for Defendants Los Angeles County
Sheriff's Department and Sheriff Robert Luna*

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief does not exceed 15 pages in length using Times New Roman 14-point font, which complies with this Court's Standing Order of October 24, 2023.

Dated:  December 23, 2024          */s/ Mark Selwyn*
                                   Mark Selwyn

15

LASD AND SHERIFF LUNA'S REPLY ISO MOTION TO DISMISS
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169