# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; ERICK VELASQUEZ, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; CLARENCE RIGALI, an individual; KEITH REEVES, an individual, CYNTHIA GABALDON, an individual; and STEPHEN HOOVER, an individual,<br><br>            Plaintiffs,<br><br>   v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,<br><br>            Defendants. | Case No. 2:23-cv-10169-SPG (ADSx)<br><br>**ORDER ENTERING PRELIMINARY INJUNCTION** |

On August 20, 2024, this Court issued an Order on Plaintiffs' Motion for Preliminary Injunction (ECF No. 52 ("PI Order")), which granted in part and denied in part Plaintiffs' Motion for a Preliminary Injunction. The Court further ordered that "[w]ithin thirty (30) calendar days of th[e] Order," Plaintiffs must confer with Defendant Robert Bonta ("Defendant Bonta") and Defendant Los Angeles County Sheriff's Department and Defendant Sheriff Luna (together, "Los Angeles Defendants") to submit a proposed order entering the preliminary injunction consistent with [the PI Order]." (PI Order at 44). On September 19, 2024, the Plaintiffs, Los Angeles Defendants, and Defendant Bonta filed a Joint Statement regarding the Proposed Preliminary Injunction Order (ECF No. 56 ("Notice")), notifying the Court that, while Plaintiffs and the Los Angeles Defendants "reached an agreement" related to the "language in the proposed order relevant to them," Plaintiffs and Defendant Bonta "continue to work toward an agreement on a few remaining terms" in the proposed order. Notice at 2. The Parties requested an extension until September 23, 2024, to have more time "to work toward to an agreement" and submit a proposed order to the Court. (*Id*. at 2). On September 23, 2024, the Plaintiffs submitted a Proposed Order as directed in the Court's PI Order. (ECF No. 57).

The Court, having reviewed the Proposed Order, accordingly ORDERS, as to Defendant Bonta:

  1. Residents of states and US territories besides California, who are:

    a. members of the California Rifle & Pistol Association, Incorporated, Gun Owners of America, Inc., Gun Owners of California, Inc., or The Second Amendment Foundation, and;

    b. who are not otherwise prohibited from possessing firearms under federal or California law,

  upon proof of such membership, are entitled under this Order to apply for a California concealed handgun license as provided for under Penal Code sections 26150 through 26235, except that such applicants shall not be eligible for the licenses described in sections 26150(b)(2), 26155(b)(2), and 26170.

    These qualifying nonresident prospective applicants are referred to as "Nonresident Applicants" throughout the remainder of this Order.

2. California Penal Code sections 26150(a)(3) and 26155(a)(3) will not apply to Nonresident Applicants. Rather, Nonresident Applicants must apply with the sheriff (per Penal Code section 26150) or chief of police (per Penal Code section 26155) (collectively "Local Issuing Authority(ies)") of a California jurisdiction in which they intend to spend time within the subsequent twelve (12) months and attest to that intention under oath in the application.

3. Nonresident Applicants may present a valid driver's license or valid identification card issued by the Nonresident Applicant's state of residence, in lieu of a valid California driver's license or identification card, in connection with California Penal Code sections 26150(a)(2) or 26155(a)(2). Where a Nonresident Applicant's driver's license or identification card does not set forth the applicant's current address, the applicant can, consistent with the policy for state resident applicants, submit other reliable documentation, including current utility bills, a current out-of-state concealed carry weapon ("CCW") license with a correct address, or other reasonable indicia of ongoing residency matching the address provided on the application.

4. All California statutes and provisions of law set forth in Penal Code section 26202(a) shall be construed to include comparable statutes and provisions of law of the Nonresident Applicant's home state.

5. To satisfy California Penal Code sections 26150(a)(4) or 26155(a)(4), Nonresident Applicants must complete a training course that meets the criteria set forth in section 26165(a)(1)-(3) and (5)-(6), and section (b), as it pertains to the Local Issuing Authority where the Nonresident Applicant applies. If the Local Issuing Authority where the Nonresident Applicant applies has not approved of any online training courses, a Nonresident Applicant may complete an online training course approved by any other Local Issuing

Authority instead. For the live-fire shooting exercises required by section 26165(a)(6), Nonresident Applicants shall complete live-fire shooting exercises for each handgun they intend to carry in California. A Nonresident Applicant shall inform the Local Issuing Authority where the applicant applies of the live-fire course the applicant intends to complete, and the Local Issuing Authority shall either approve such course or suggest an alternative acceptable course within 75 miles of the applicant's residence.

6. California Penal Code sections 26150(a)(5), 26155(a)(5), and 26162 will not apply to Nonresident Applicants. Rather, Nonresident Applicants must identify on the application by make, model, and serial number the handguns capable of being concealed upon the person that they intend to carry in California, and such handguns must be listed on the license to be validly carried in California. Identification of a handgun that cannot lawfully be carried in California shall be cause for denial of a license as to that handgun. Nonresident Applicants may seek to amend the list of firearms identified on their licenses in the same manner as California residents.

7. A Nonresident Applicant may choose to complete the interview required by California Penal Code section 26202(b)(1) virtually in lieu of in person, so long as the applicant appears by video and audio.

8. In addition to the means set forth in California Code of Regulations, title 11, section 4420, Nonresident Applicants may submit their fingerprints on an FBI form FD-258 fingerprint card to satisfy the requirements of California Penal Code section 26185.

9. Upon approval of a Nonresident Applicant's application, the concealed handgun license shall be mailed to the address provided on the application.

10. If a Local Issuing Authority has opted to require a psychological examination before issuing a concealed handgun license, the Local Issuing Authority shall either conduct such examination virtually for a Nonresident Applicant, so long

as the applicant appears by video and audio, or approve an examination provider located within 75 miles of the applicant's residence.

11. Other than as expressly stated in this Order, the statutory criteria and processes for applying for a California concealed handgun license shall apply to Nonresident Applicants in the same manner as state resident applicants.

12. It shall be the responsibility of Nonresident Applicants, if approved and issued a permit, to confirm that any handgun they carry in California, in its current configuration, is legal to possess in the state. It shall also be the responsibility of Nonresident Applicants to be aware of locations where it is not legal to carry a firearm in California. Nothing in this Order is intended to make the issuance of a concealed handgun license a defense to a violation of California gun laws unrelated to the issues discussed in this Order.

13. This Order shall become effective 90 days after its execution. If no separate application form or process has been instituted at that time, Nonresident Applicants may use the standard Concealed Handgun License application form (BOF-4012) or online application portals utilized by the Local Issuing Authority (such as Permitium) and substitute the Nonresident Applicant's information in lieu of California specific information in providing information on the application. For example, for the portion of the form that asks for a "CA Driver License No.," Nonresident Applicants would instead provide the driver's license number or identification number issued to them by their state of residence.

14. The California Department of Justice shall distribute a copy of this Order, or otherwise provide notice of its terms, to all Local Issuing Authorities that currently issue or shall issue in the future concealed handgun licenses in California and to all District Attorney offices.

This Court, having reviewed the Proposed Order, further ORDERS, as to the Los Angeles County Defendants:

1. Within 30 days of the date of this Order, Defendant Los Angeles County Sheriff's Department ("LASD") will contact Plaintiff Brian Weimer ("Plaintiff Weimer") to set up an initial interview and instruct him to conduct his livescan. As Plaintiff Charles Messel has been issued his concealed handgun license by LASD, injunctive relief as to him is no longer necessary.

2. Within 30 days of the completion of Plaintiff Weimer's interview and receipt of his livescan by LASD, whichever is later, LASD will review Plaintiff Weimer's file and, if approved to proceed to firearms training, instruct Plaintiff Weimer to schedule his firearms training.

    a. The Court recognizes that there can be delays unattributable to LASD with processing of a proper livescan, such as poor print quality, charges on a record in or out of State, or delays with the U.S. Department of Justice. If any incidents delaying review of Plaintiff Weimer's livescan arise, counsel for LASD will promptly notify counsel for Plaintiff Weimer and the parties will work cooperatively to resolve the issue, including stipulating to amend this Order as needed.

3. Within 30 days of LASD's receipt of proof from Plaintiff Weimer that he successfully completed his firearms training, LASD will reach a final decision on and either approve or deny Plaintiff Weimer's application.

4. Within 30 days of LASD's reaching a final decision on Plaintiff Weimer's application, if Plaintiff Weimer is approved, his license will be issued.

5. The deadlines of this Order may be modified by stipulation of the parties for good cause, including any delay that is caused by Plaintiff Weimer not timely

completing the actions required of him to obtain his license, such as completing the livescan and the training course.

**IT IS SO ORDERED.**

DATED: January 22, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE