RYAN CHABOT (pro hac vice)
ryan.chabot@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6513
Facsimile: (212) 230-8888

*Attorneys for Defendants Los Angeles County
Sheriff's Department and Sheriff Robert Luna*

*(additional counsel listed below)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED; THE SECOND AMENDMENT FOUNDATION; GUN OWNERS OF AMERICA, INC.; GUN OWNERS FOUNDATION; GUN OWNERS OF CALIFORNIA, INC.; ERICK VELASQUEZ, an individual; SHERWIN DAVID PARTOWASHRAF, an individual; CHARLES MESSEL, an individual; BRIAN WEIMER, an individual; JUNG YUN, an individual; ALBERT MEDALLA, an individual; ZHAO LIN CHEN, an individual; ERIC STRATTON, an individual; FARZAD NEZAM, an individual; DAVID BROADY, an individual; STEPHEN HOOVER, an individual, | Case No. 2:23-cv-10169-SPG-ADS<br><br>**DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT AND SHERIFF ROBERT LUNA'S ANSWER TO PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |
| Plaintiffs, | |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF ROBERT LUNA, in his official capacity; LA VERNE POLICE DEPARTMENT; LA VERNE CHIEF OF POLICE COLLEEN FLORES, in her official capacity; ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10, | |
| Defendants. | |

MARK SELWYN (CA Bar No. 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Road
Palo Alto, California 94306
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

JOSHUA VITTOR (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
SIMON KRESS (CA Bar No. 360898)
simon.kress@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants Los Angeles County*
*Sheriff's Department and Sheriff Robert Luna*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants Los Angeles County Sheriff's Department and Sheriff Robert Luna (collectively referred to as "Defendants") submit this answer in response to Plaintiffs' Second Amended And Supplemental Complaint For Declaratory And Injunctive Relief (the Complaint) (Dkt. No. 106).  Defendants hereby answer the Complaint in paragraphs that correspond to the Complaint's paragraphs, as follows.

1. The allegations in Paragraph 1 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 1 require a response, Defendants deny them.

2. The allegations in Paragraph 2 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 2 require a response, Defendants deny them.

3. The allegations in Paragraph 3 (including in footnote 1) consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 3 require a response, Defendants deny them.

4. Defendants admit that the quoted language in Paragraph 4 appears in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), which decision speaks for itself.  The allegations in Paragraph 4 otherwise consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 4 otherwise require a response, Defendants deny them.

5. The allegations in Paragraph 5 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 5 require a response, Defendants deny them.

6. The allegations in Paragraph 6 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 6 require a response, Defendants deny them.

7. The allegations in Paragraph 7 are vague and ambiguous as to the source of this quotation and alleged omission and the meaning of "process CCW applications"; Defendants therefore deny them.

8. The allegations in Paragraph 8 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 8 require a response, Defendants deny them.

9. The allegations in Paragraph 9 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 9 require a response, Defendants deny them.

10. The allegations in Paragraph 10 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 10 require a response, Defendants deny them.

11. The allegations in Paragraph 11 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 11 require a response, Defendants deny them.

12. The allegations in Paragraph 12 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 12 require a response, Defendants deny them.

13. Defendants admit that the quoted language in Paragraph 13 appears in Article IV, § 2 of the United States Constitution.  The allegations in Paragraph 13 otherwise consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 13 otherwise require a response, Defendants deny them.

14. Defendants admit that Plaintiffs purport to seek an injunction against
Defendants.  The allegations in Paragraph 14 otherwise consist of legal arguments,
conclusions, and characterizations, to which no response is required.  To the extent
any allegations in Paragraph 14 otherwise require a response, Defendants deny
them.

15. Defendants lack knowledge or information sufficient to form a belief as
to the truth or falsity of the allegations in Paragraph 15, and on that basis deny
them.

16. Defendants lack knowledge or information sufficient to form a belief as
to the truth or falsity of the allegations in Paragraph 16, and on that basis deny
them.

17. Defendants lack knowledge or information sufficient to form a belief as
to the truth or falsity of the allegations in Paragraph 17, and on that basis deny
them.

18. Defendants lack knowledge or information sufficient to form a belief as
to the truth or falsity of the allegations in Paragraph 18, and on that basis deny
them.

19. Defendants lack knowledge or information sufficient to form a belief as
to the truth or falsity of the allegations in Paragraph 19, and on that basis deny
them.

20. Defendants admit that Erick Velasquez has previously been issued a
CCW permit by Los Angeles County Sherrif's Department.  Defendants lack
knowledge or information sufficient to form a belief as to the truth or falsity of the
remaining allegations in Paragraph 20, and on that basis deny them.

21. Defendants admit that Plaintiff Velasquez submitted a CCW permit
renewal application with the Los Angeles County Sheriff's Department on or about
April 12, 2023.  Defendants lack knowledge or information sufficient to form a

LASD AND SHERIFF LUNA'S ANSWER
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

belief as to the truth or falsity of the remaining allegations in Paragraph 21, and on that basis deny them.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22, and on that basis deny them.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23, and on that basis deny them.

24. Defendants admit that Mr. Velasquez's renewal application was denied on or about August 23, 2023. Defendants admit that the letter sent to Mr. Velasquez regarding the denial had the box marked "other" as the reason for denial. Defendants admit that Mr. Velasquez thereafter communicated with LASD Sergeant Berner about the denial. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24, and on that basis deny them.

25. Defendants admit that California Penal Code sections 26202(a)(5) and 26202(a)(9) were not yet in effect when Plaintiff Velasquez's permit was denied in August 2023. The allegations in Paragraph 25 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any other allegations in Paragraph 25 require a response, Defendants deny them.

26. Defendants admit that Mr. Partowashraf's CCW permit was denied by LASD and that the reason provided for this denial was "other." Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 to the extent that Plaintiff Partowashraf is a law-abiding citizen and resident of Los Angeles County, and on that basis deny them. The allegations in Paragraph 26 otherwise consist of legal arguments, conclusions,

4

and characterizations, to which no response is required.  To the extent any other

allegations in Paragraph 26 require a response, Defendants deny them.

27. Defendants admit that Plaintiff Partowashraf's CCW permit was denied

in part due to the temporary restraining order entered against him.  Defendants

otherwise lack knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in Paragraph 27, and on that basis deny

them.

28.  Defendants admit the temporary restraining order against Plaintiff

Partowashraf was ultimately dissolved.  Defendants otherwise lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining

allegations in Paragraph 28, and on that basis deny them.

29. Defendants lack knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations in Paragraph 29, and on that basis deny

them.

30. Defendants lack knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in Paragraph 30, and on that

basis deny them.

31. Defendants admit that California Penal Code section 26202(a)(3) was

not yet in effect when Plaintiff Partowashraf's application was denied.  The

allegations in Paragraph 31 consist of legal arguments, conclusions, and

characterizations, to which no response is required.  To the extent any other

allegations in Paragraph 31 require a response, Defendants deny them.

32. Defendants admit that Mr. Messel submitted a CCW permit application

to LASD on or about July 1, 2022.  Defendants admit that Mr. Messel thereafter

contacted LASD about his application.  Defendants otherwise lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining

allegations in Paragraph 32, and on that basis deny them.

33. Defendants admit the allegations in Paragraph 33.

34. Defendants admit that Mr. Messel had not been issued a permit at the time of his filing this action, which was more than 17 months from the date of his initial application, and that Mr. Messel's application was processed and approved in due course thereafter.  Defendants otherwise deny the allegations in Paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants admit that Plaintiff Yun applied for a CCW permit with LASD in September 2022; that he followed up with LASD on December 6, 2023; and that he had his telephonic interview on August 27, 2024.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37, and on that basis deny them.

38. Defendants admit Plaintiff Medalla applied for his CCW permit on October 31, 2023 and that his initial interview was scheduled to occur on August 11, 2025.  Defendants otherwise lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, and on this basis deny them.

39. Defendants admit that Plaintiff Chen applied for a CCW permit on or about April 3, 2025 and reserved an interview for April 9, 2026, at that time. Defendants assert that Plaintiff Chen's appointment has been moved up to October 7, 2025.  Defendants otherwise lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39, and on that basis deny them.

LASD AND SHERIFF LUNA'S ANSWER
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

40. Defendants admit that Plaintiff Stratton applied for a CCW permit on or about May 28, 2025 and reserved an interview for June 2, 2026, at that time. Defendants otherwise lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40, and on that basis deny them.

41. Defendants admit that Plaintiff Nezam applied for a CCW permit on or about December 7, 2024, and reserved an interview for December 16, 2025, at that time. Defendants otherwise lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41, and on that basis deny them.

42. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and on that basis deny them.

43. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and on that basis deny them.

44. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and on that basis deny them.

45. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45, and on that basis deny them.

46. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, and on that basis deny them.

LASD AND SHERIFF LUNA'S ANSWER
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

47. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47, and on that basis deny them.

48. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48, and on that basis deny them.

49. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and on that basis deny them.

50. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and on that basis deny them.

51. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and on that basis deny them.  Defendants deny that members who wish to obtain CCW permits in Los Angeles County are subject to unconstitutionally subjective criteria.

52. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, and on that basis deny them.  Defendants deny that members who wish to obtain CCW permits in Los Angeles County are subject to unconstitutionally subjective criteria.

53. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and on that basis deny them.  Defendants deny that members who wish to obtain CCW permits in Los Angeles County are subject to unconstitutionally subjective criteria.

54. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and on that basis deny

LASD AND SHERIFF LUNA'S ANSWER
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

them.  Defendants deny that members who wish to obtain CCW permits in Los Angeles County are subject to unconstitutionally subjective criteria.

55. Defendants admit the allegations of Paragraph 55, while noting that as of August 2022, LASD limited first-time applicants to residents residing within LASD's contract cities and LASD's unincorporated communities, as permitted under Cal. Penal Code § 26150(c).  Thus, it is only responsible for issuing CCW permits to these limited cities and communities.

56. Defendants admit that Defendant Robert Luna is the elected Sheriff of Los Angeles County.  The allegations in Paragraph 56 otherwise consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 56 otherwise require a response, Defendants deny them.

57. Defendants admit that Defendant Rob Bonta is the Attorney General of California.  The allegations in Paragraph 57 otherwise consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 57 otherwise require a response, Defendants deny them.

58. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 and therefore deny them.

59. Defendants admit that this Court has jurisdiction over Plaintiff's claims.  The allegations in Paragraph 59 otherwise consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 59 otherwise require a response, Defendants deny them.

60. The allegations in Paragraph 60 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 60 require a response, Defendants deny them.

61. Defendants admit that venue is proper in this judicial district.

62. The allegations in Paragraph 62 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 62 require a response, Defendants deny them.

63. The allegations in Paragraph 63 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 63 require a response, Defendants deny them.

64. The allegations in Paragraph 64 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 64 require a response, Defendants deny them.

65. The allegations in Paragraph 65 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 65 require a response, Defendants deny them.

66. The allegations in Paragraph 66 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 66 require a response, Defendants deny them.

67.   The allegations in Paragraph 67 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 67 require a response, Defendants deny them.

68. Defendants admit that the quoted language in Paragraph 68 appears in California Penal Code § 26150(a) and that the cited statute speaks for itself.

69. Defendants admit that the quoted language in Paragraph 69 appears in California Penal Code § 26150 and that the cited statute speaks for itself. Defendants further admit that the time cited in footnote 2 was 90 days prior to the passage of SB 2.

70. The allegations in Paragraph 70 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 70 require a response, Defendants deny them.

71. Defendants admit that the quoted language in Paragraph 71 appears in California Penal Code § 26202(a)(9) and that § 26202 and SB 2 speak for themselves.  The allegations in Paragraph 71 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 71 require a response, Defendants deny them.

72. Defendants admit that the quoted language in Paragraph 72 appears in California Penal Code § 26202(a)(10) and that the cited statute speaks for itself.

73. The allegations in Paragraph 73 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 73 require a response, Defendants deny them.

74. Defendants admit that the quoted language in Paragraph 74 appears in California Penal Code § 26202(a)(5) and that the cited statute and SB 2 speak for themselves.  The allegations in Paragraph 74 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 74 require a response, Defendants deny them.

75. The allegations in Paragraph 75 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 75 require a response, Defendants deny them.

76. Defendants deny that California Penal Code sections 26202(a)(3), (5), or (9) are unconstitutional either on their face or as applied to Plaintiffs Velasquez and Partowashraf.  Defendants admit that Plaintiffs Velasquez and Partowashraf's CCW applications were denied before SB 2 took effect.  Defendants otherwise deny the allegations in Paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and on that basis deny them.

78. The allegations in Paragraph 78 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 78 require a response, Defendants deny them. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 and so deny them.

79. The allegations in Paragraph 79 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 79 require a response, Defendants deny them. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 and so deny them.

80. Defendants admit that LASD did not respond to CRPA's correspondence, which it had no obligation to do.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80, and on that basis deny them.

81. Defendants admit that CRPA sent Sheriff Luna a letter on or around February 21, 2023, the contents of which speak for itself.  The allegations in Paragraph 81 otherwise consist of legal arguments, conclusions, and characterizations, to which no response is required.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81, and on that basis deny them.

82. Defendants admit that Sheriff Luna's office responded by letter on or around March 9, 2023, the contents of which speak for itself.  To the extent the allegations in this paragraph characterize or misstate those contents, Defendants deny them.

83. Defendants admit that CRPA sent Sheriff Luna a letter on or around March 14, 2023, the contents of which speak for itself.  The allegations in Paragraph 83 otherwise consist of legal arguments, conclusions, and

LASD AND SHERIFF LUNA'S ANSWER
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

characterizations, to which no response is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83, and on that basis deny them.

84. Defendants admit that CRPA sent Sheriff Luna a letter on or around March 14, 2023, the contents of which speak for itself. The allegations in Paragraph 84 otherwise consist of legal arguments, conclusions, and characterizations, to which no response is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84, and on that basis deny them.

85. Defendants admit that Sheriff Luna's office responded by letter on or around March 24, 2023, the contents of which speak for itself. To the extent the allegations in this paragraph characterize or misstate those contents, Defendants deny them.

86. Defendants admit that Defendants have reduced the processing time for CCW applicants during the pendency of this lawsuit. Defendants admit that the processing time for CCW applicants currently exceeds 120 days. Defendants otherwise deny the allegations of Paragraph 86.

87. Defendants admit that they previously responded to a Public Records Act request by an individual identified as Jason Davis. Defendants otherwise deny the allegations in this paragraph.

88. Defendants admit that CRPA sent Sheriff Luna correspondence on or about September 14, 2023, and that Sheriff Luna sent CRPA correspondence on or about November 1, 2023, the contents of which speak for themselves. Defendants otherwise deny the allegations in this paragraph.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89, and on that basis deny them.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90, and on that basis deny them.

91. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91, and on that basis deny them.

92. The allegations in Paragraph 92 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 92 require a response, Defendants deny them.

93. The allegations in Paragraph 93 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 93 require a response, Defendants deny them.

94. The allegations in Paragraph 94 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 94 require a response, Defendants deny them.

95. The allegations in Paragraph 95 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 95 require a response, Defendants deny them.

96. The allegations in Paragraph 96 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 96 require a response, Defendants deny them.

97. The allegations in Paragraph 97 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 97 require a response, Defendants deny them.

98. Defendants admit that Plaintiffs seek this relief, but deny that they are entitled to it, or any relief. The allegations in Paragraph 98 otherwise consist of legal arguments, conclusions, and characterizations, to which no response is

1  required.  To the extent any allegations in Paragraph 98 otherwise require a
2  response, Defendants deny them.

3    99. Defendants admit that Plaintiff Messel was issued his CCW permit as of
4  May 2024.  Defendants admit that Plaintiff Messel seeks this relief, but deny that
5  he is entitled to it, or any relief.

6    100. Denied.

7    101. Defendants admit that Plaintiffs seek this relief, but deny that they are
8  entitled to it, or any relief.

9    102. Defendants admit that Plaintiffs seek this relief, but deny that they are
10  entitled to it, or any relief.

11    103. Defendants admit that Plaintiffs seek this relief, but deny that they are
12  entitled to it, or any relief.

13    104. The allegations in Paragraph 104 consist of legal arguments,
14  conclusions, and characterizations, to which no response is required.  To the extent
15  any allegations in Paragraph 104 require a response, Defendants deny them.

16    105. Defendants hereby re-allege and incorporate by reference their answers
17  in the foregoing paragraphs as if set forth fully herein.

18    106. The allegations in Paragraph 106 consist of legal arguments,
19  conclusions, and characterizations, to which no response is required.  To the extent
20  any allegations in Paragraph 106 require a response, Defendants deny them.

21    107. The allegations in Paragraph 107 consist of legal arguments,
22  conclusions, and characterizations, to which no response is required.  To the extent
23  any allegations in Paragraph 107 require a response, Defendants deny them.

24    108. The allegations in Paragraph 108 consist of legal arguments,
25  conclusions, and characterizations, to which no response is required.  To the extent
26  any allegations in Paragraph 108 require a response, Defendants deny them.

27

28

LASD AND SHERIFF LUNA'S ANSWER
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

1      109. The allegations in Paragraph 109 consist of legal arguments,

2 conclusions, and characterizations, to which no response is required.  To the extent

3 any allegations in Paragraph 109 require a response, Defendants deny them.

4      110. The allegations in Paragraph 110 consist of legal arguments,

5 conclusions, and characterizations, to which no response is required.  To the extent

6 any allegations in Paragraph 110 require a response, Defendants deny them.

7      111. Denied.

8      112. Defendants hereby re-allege and incorporate by reference their answers

9 in the foregoing paragraphs as if set forth fully herein.

10      113. The allegations in Paragraph 113 consist of legal arguments,

11 conclusions, and characterizations, to which no response is required.  To the extent

12 any allegations in Paragraph 113 require a response, Defendants deny them.

13      114. The allegations in Paragraph 114 consist of legal arguments,

14 conclusions, and characterizations, to which no response is required.  To the extent

15 any allegations in Paragraph 114 require a response, Defendants deny them.

16      115. Defendants admit that California does not recognize CCW permits

17 issued by other states.  Defendants otherwise deny the allegations of Paragraph 115

18 to the extent that they allege that nonresidents may not exercise their right to carry

19 within the borders of California.

20      116. The allegations in Paragraph 116 consist of legal arguments,

21 conclusions, and characterizations, to which no response is required.  To the extent

22 any allegations in Paragraph 116 require a response, Defendants deny them.

23      117. The allegations in Paragraph 117 consist of legal arguments,

24 conclusions, and characterizations, to which no response is required.  To the extent

25 any allegations in Paragraph 117 require a response, Defendants deny them.

26

27

28

LASD AND SHERIFF LUNA'S ANSWER

*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

118. The allegations in Paragraph 118 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 118 require a response, Defendants deny them.

119. Denied.

120. Defendants hereby re-allege and incorporate by reference their answers in the foregoing paragraphs as if set forth fully herein.

121. The allegations in Paragraph 121 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 121 require a response, Defendants deny them.

122. The allegations in Paragraph 122 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 122 require a response, Defendants deny them.

123. The allegations in Paragraph 123 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 123 require a response, Defendants deny them.

124. The allegations in Paragraph 124 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 124 require a response, Defendants deny them.

125. The allegations in Paragraph 125 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 125 require a response, Defendants deny them.

126. The allegations in Paragraph 126 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 126 require a response, Defendants deny them.

127. The allegations in Paragraph 127 consist of legal arguments, conclusions, and characterizations, to which no response is required. To the extent any allegations in Paragraph 127 require a response, Defendants deny them.

LASD AND SHERIFF LUNA'S ANSWER
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

128. Denied.

129. Defendants hereby re-allege and incorporate by reference their answers in the foregoing paragraphs as if set forth fully herein.

130. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130 and so deny them.

131. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131 and so deny them.

132. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132 and so deny them.

133. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133 and so deny them.

134. The allegations in Paragraph 134 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 134 require a response, Defendants deny them.

135. The allegations in Paragraph 135 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 135 require a response, Defendants deny them.

136. Defendants hereby re-allege and incorporate by reference their answers in the foregoing paragraphs as if set forth fully herein.

137. The allegations in Paragraph 137 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 137 require a response, Defendants deny them.

138. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138 and so deny them.

139. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 and so deny them.

LASD AND SHERIFF LUNA'S ANSWER
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169

140. Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140 and so deny them.

141. The allegations in Paragraph 141 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 141 require a response, Defendants deny them.

142. The allegations in Paragraph 142 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 142 require a response, Defendants deny them.

143. The allegations in Paragraph 143 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 143 require a response, Defendants deny them.

144. The allegations in Paragraph 144 consist of legal arguments, conclusions, and characterizations, to which no response is required.  To the extent any allegations in Paragraph 144 require a response, Defendants deny them.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the allegations in the Second Amended And Supplemental Complaint For Declaratory And Injunctive Relief, and without admitting any allegations contained therein or taking on the burden as to any matter for which the burden falls on Plaintiffs, Defendants assert the following defenses based on information and belief.  By asserting the following defenses, Defendants do not knowingly or intentionally waive any additional defense and reserve the right to amend this answer and these defenses. Defendants further reserve the right to assert and rely upon other defenses as may later become available or apparent.  Defendants further reserve the right to rely on defenses raised by other parties in this action.

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs have failed to exhaust their pre-litigation administrative remedies.

3. Plaintiffs' claims are barred because they lack standing.

4. Plaintiffs' claims are barred by consent.

5. Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

6. Defendants acted at all times in good faith and on reasonable grounds.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, Defendants demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated: September 8, 2025

/s/ Ryan Chabot
RYAN CHABOT (*pro hac vice*)
ryan.chabot@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6513
Facsimile: (212) 230-8888

MARK SELWYN (CA Bar No. 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Road
Palo Alto, California 94306
Telephone: (650) 858-6031
Facsimile: (650) 858-6100

JOSHUA VITTOR (CA Bar No. 326221)
joshua.vittor@wilmerhale.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SIMON KRESS (CA Bar No. 360898)
simon.kress@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants Los Angeles County
Sheriff's Department and Sheriff Robert Luna*

LASD AND SHERIFF LUNA'S ANSWER
*Cal. Rifle & Pistol Ass'n v. Los Angeles County Sheriff's Dep't*, No. 2:23-cv-10169